[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16521
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 31, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00100-CR-ORL-19KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL BRAMINA LOPEZ,
a.k.a. Diconcio Montano,
a.k.a. Deonicio Montano-Gomez,
a.k.a. Dionicio Montano-Gomez,
a.k.a. Beto Garcia,
a.k.a. Samuel Brambila-Lopez,
a.k.a. Montano Brambila-Lopez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 31, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

Samuel Bramina-Lopez was charged with illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a). The indictment alleged that he had been deported in 1997 and had since been found in the United States without permission to re-enter. He agreed to plead guilty without a written plea agreement.

At the change-of-plea hearing, he admitted that he was a citizen of Mexico, that he had been deported in 1997, and that he had re-entered without permission. The government proffered that Bramina-Lopez had been deported in 1991, 1993, 1995, and 1997, and that the 1997 deportation occurred after Bramina-Lopez's conviction for illegal re-entry. Bramina-Lopez disputed these facts, although he admitted to the 1997 deportation alleged in the indictment.

The probation officer prepared a presentence investigation report ("PSI"), assigning a base offense level of 8 under U.S.S.G. § 2L1.2(a), with a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) because Bramina-Lopez had been deported after a crime of violence. The probation office deducted 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 21.

Calculating Bramina-Lopez's criminal history, the probation officer cited

2

(1) a 1990 conviction for robbery of $950, and the subsequent violation of supervised release due to the failure to pay restitution; (2) a 1991 conviction for possession of cocaine; (3) two 1993 convictions for rape; (4) a 1995 conviction for delivery of a controlled substance; and (5) convictions in 1995 and 1998 for illegal re-entry.[1] These convictions resulted in 14 criminal history points, but 2 more points were added because the instant offense began on or about April 2, 1998 and occurred less than 2 years after Bramina-Lopez's release from custody in 1996. With a total of 16 points, Bramina-Lopez's criminal history fell in category VI, and the resulting advisory guidelines range was 77 to 96 months imprisonment.

Bramina-Lopez made only one objection to the PSI; he challenged the prior conviction for robbery.[2] The court sustained the objection and changed the PSI to reflect Bramina-Lopez's version of the offense, but there was no change in the criminal history category. At no time did Bramina-Lopez challenge the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii). He suggested, however, that a

---

[1] According to the PSI, Bramina-Lopez was deported following his 1991 conviction. He was deported again following his 1993 convictions. Bramina-Lopez was found in the United States in 1994 and was deported in May 1995. In September 1995, he was found again in the United States and was deported in 1997. In April 1998, he was charged with illegal re-entry and apparently released, but the probation officer did not have the specifics of the offense. He was then arrested again in 2005 on the instant offense.

[2] Bramina-Lopez asserted that the robbery involved only a twelve-pack of beer. In any event, the two rape convictions should be sufficient to establish a prior crime of violence for purposes of the enhancement. U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)).

3

five-year sentence was sufficient to meet the sentencing goals. The court rejected this proposed sentence, noting the lengthy criminal history and the multiple prior deportations and re-entries. The court then considered the guidelines range and the sentencing factors of 18 U.S.C. § 3553(a), and determined that a sentence of 80 months was appropriate to deter the behavior and protect society. Bramina-Lopez raised no other objections.

On appeal, Bramina-Lopez argues that the court plainly erred by enhancing his sentence based on a prior conviction that was not proven to a jury or admitted by him.

When a defendant fails to object to an error before the district court, we review the argument for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 125 S.Ct. 2935 (2005). Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings. Id.

Here, Bramina-Lopez cannot show plain error in his guidelines calculations. An enhancement based on a prior conviction, even if not admitted by the defendant, does not represent a constitutional Booker[3] error. United States v.

---

[3] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Martinez, 434 F.3d 1318, 1323 (11th Cir. 2006); United States v. Cantellano, 430 F.3d 1142, 1147 (11th Cir. 2005), cert. denied, 126 S.Ct. 1604 (2006); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005); United States v. Camacho-Ibarquen, 404 F.3d 1283, 1290 (11th Cir. 2005); see also United States v. Taylor, 417 F.3d 1176, 1182-83 (11th Cir.), cert. denied, 126 S.Ct. 768 (2005). Moreover, by not challenging all of his prior convictions at sentencing, Bramina-Lopez admitted them. United States v. Williams, 438 F.3d 1272, 1273-74 (11th Cir. 2006); United States v. Burge, 407 F.3d 1183, 1191 (11th Cir.), cert. denied, 126 S.Ct. 551 (2005). Therefore, there is no merit to Bramina-Lopez's arguments, and we AFFIRM.