[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16595
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00060-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEOBALDO GARCIA-DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 13, 2006)**

Before CARNES, PRYOR  and FAY, Circuit Judges.

PER CURIAM:

Leobaldo Garcia-Delgado appeals his 51-month sentence, imposed after he

pled guilty to illegal re-entry into the United States after deportation for

committing an aggravated felony, a violation of 8 U.S.C. §§ 1326(a) and (b)(2). On appeal, he argues that the district court erred by (1) failing to give a reason for sentencing him at the mid-point of the applicable guidelines range, in violation of 18 U.S.C. § 3553(c)(1), and (2) stating that his sentence was sufficient and "a greater sentence not necessary," in violation of 18 U.S.C. § 3553(a). For the reasons set forth more fully below, we affirm.

Garcia-Delgado initially pled not guilty to the afore-mentioned crime, but later changed his plea to guilty. According to the undisputed facts in the presentence investigation report (PSI), Garcia-Delgado was detained after Florida law enforcement responded to the scene of an accident, ran a records check, and discovered that Garcia-Delgado previously had been deported. Garcia-Delgado admitted that he had re-entered the United States after having been deported following a California conviction and sentence for possession for sale of cocaine base and possession of heroin. Garcia-Delgado had not sought the permission of the Attorney General prior to re-entry.

The PSI set Garcia-Delgado's base offense level at 8, pursuant to U.S.S.G. § 2L1.2(a). He then received a 12-level enhancement pursuant to § 2L1.2(b)(1)(B) because he previously had been deported after a drug trafficking offense for which the sentence imposed was 13 months or less. Garcia-Delgado was credited a three-

2

level reduction for a total offense level of 17. The PSI found a total of 10 criminal history points, placing Garcia-Delgado at criminal history category V. Based on total offense level 17, criminal history category V, the PSI found a recommended sentencing range of 46 to 57 months' imprisonment. Garcia-Delgado lodged two objections to the PSI, one of which was resolved prior to sentencing, the other of which had no effect on sentencing.

At the sentencing hearing, Garcia-Delgado presented no objections, but requested a sentence below the recommended range because the guideline range was more harsh than he believed was warranted by his conduct. The government left sentencing to the court's discretion. The district court noted that, while it would generally be lenient with those who re-enter the United States illegally, Garcia-Delgado had committed at least five crimes, "some not minor," while in the United States and was not deserving of such leniency. The court then sentenced Garcia-Delgado to 51 month's imprisonment, the midpoint of the recommended sentencing range, as follows:

> I have considered the presentence report and find that it's accurate. Its findings will be considered . . . . Having reviewed all the factors considered under Title 18, Section 3553(a) and taking into account the advice of the sentencing guidelines, I do conclude that this sentence is within the guideline range, is reasonable in this case, and is sufficient, and a greater sentence is not necessary to comply with the statutorily defined purposes of sentencing. I do find the sentence meets the goals of punishment and hopefully would deter others who would consider

3

similar criminal conduct.

No objections were made to the findings of fact or conclusions of law relating to the sentence.

Garcia-Delgado first argues that the district court violated 18 U.S.C. § 3553(c)(1) because it failed to articulate a reason for imposing a sentence at the midpoint of the recommended guidelines range. Second, Garcia-Delgado argues that the district court violated 18 U.S.C. § 3553(a) when it used the statement "a greater sentence is not necessary to comply with the statutorily defined purposes of sentencing" because § 3553(a) sets the standard for the minimally necessary sentence and the district court's statement implies a more punitive sentence than one which is "minimally necessary."

The question of whether a court's conduct at sentencing violated 18 U.S.C. § 3553(c)(1) is reviewed de novo even absent an objection by the defendant. See United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006) (rejecting the government's argument that plain error review should apply because the defendant failed to object and holding that a review of whether § 3553(c)(1) was violated focuses exclusively on the "sufficiency of the court's conduct at sentencing, not that of the defendant"). As to the district court's statements regarding its sentence, Garcia-Delgado failed to offer any objection, and, therefore, we will review for

4

plain error only.[1] United States v. Raad, 406 F.3d 1322, 1323 (11th Cir. 2005) ("When a defendant fails to object to an error before the district court, we review the argument for plain error").

Pursuant to 18 U.S.C. § 3553(c)(1), a district court is required to state, in open court, the reason for its particular sentence, and if the sentence "is of the kind, and within the range [recommended by the guidelines], and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range." 18 U.S.C. § 3553(c)(1); Williams, 438 F.3d at 1274. However, while neither party notes it, we have explained that "the district court need not provide reasons for 'imposing a sentence at a particular point within the [applicable guideline] range' if this range is less than twenty-four months." United States v. Pippin, 903 F.2d 1478, 1484-85 (11th Cir. 1990); see also United States v. Richardson, 925 F.2d 112, 117 (5th Cir.1991) (persuasive authority stating that, "[f]ollowing the reasoning in United States v. Ehret, 885 F.2d 441 (8th Cir.1989) . . . we find that when the spread of an applicable Guideline range is less than 24 months, the district court is not required to state its reasons for imposing a sentence at a particular point within the Guideline range."). In Pippin, the applicable range

---

[1] Assuming without deciding that Garcia-Delgado's assertion of error is akin to the sort of error alleged in Williams (sufficiency of the district court's conduct), where we declined to apply plain error review, a de novo review of the error alleged would have the same result because Garcia-Delgado's argument is meritless.

5

spanned only six months, and this Court, while suggesting that district courts should give reasons for choosing a particular sentence as a matter of policy, held that the district court was not required to give any explanation for choosing one form of punishment over another. Id. at 1485.

In the instant case, the applicable guidelines range was 46 to 57 months' imprisonment. This is a span of only 11 months, and, therefore, 18 U.S.C. § 3553(c)(1) is not applicable and the court was not required to explain or given reasons for its sentence. Pippin, 903 F.2d at 1485. In any event, the district court in this case stated during sentencing that it was troubled by the fact that Garcia-Delgado had at least five prior convictions, "some not so minor," and in consultation with the guidelines and the § 3553(a) factors, imposed a 51-month sentence within the applicable range believing the sentence to be sufficient and not greater than necessary. Factoring Garcia-Delgado's criminal history was a permissible ground on which to base a sentence, and it cannot be said that the district court, even if it were bound to follow § 3553(c)(1) in this case—which it was not—violated it.[2] Cf. United States v. Parrado, 911 F.2d 1567, 1572-73 (11th Cir. 1990) (holding that the district court's explanation for the sentence imposed

_____

[2] We note, as we did in Pippin, that district courts should, as a matter of policy, give reasons for choosing a particular sentence. Explanations for a particular sentence assist in appellate review, especially in the present regime where a defendant's sentence is reviewed for its reasonableness in light of the sentencing factors set forth at 18 U.S.C. § 3553.

within the guidelines range was sufficient where the court stated at sentencing that the defendant had three prior convictions, one for alien smuggling, and had been convicted while on probation and while cooperating with the government, making it likely that he would be a repeat offender).

As to the district court's choice of language to the effect that the sentence imposed was "sufficient, and a greater sentence [was] not necessary to comply with the statutory purposes of sentencing," Garcia-Delgado did not object to this language at sentencing, and, therefore, as noted above, we review only for plain error. "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Raad, 406 F.3d at 1323. Pursuant to § 3553(a), a court "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth in § 3553(a)(2).[3] 18 U.S.C. § 3553(a)(2).

Garcia-Delgado appears to argue that the district court, by stating that a greater sentence was not necessary, imposed a more punitive standard than what was statutorily required. He cites to an unpublished opinion, United States v.

---

[3] Those purposes include (1) reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment; (2) affording adequate deterrence; (3) protecting the public from further crimes by the defendant; and (4) providing educational or vocational training, medical care, or other correctional treatment. 18 U.S.C. § 3553(a)(2).

7

Neufeld, 154 Fed. Appx. 813 (11th Cir. 2005), where this Court, on plain error review, found that the district court's comment to the effect that the minimum sentence required by the then-mandatory and binding guidelines was "more than adequate" created at least a reasonable probability of a different outcome under an advisory guidelines regime, necessitating a remand for resentencing.[4] Neufeld, 154 Fed. Appx. at 823. In support, we noted that "a more-than-adequate sentence would conflict with § 3553(a)'s injunction against greater-than-necessary sentences." Id.

Notwithstanding the entirely different procedural and factual basis for a remand in Neufeld, nothing in Neufeld established that a district court violates § 3553(a) by stating, as the district court did here, that a sentence is "sufficient, and a greater sentence is not necessary." The court did not say that the sentence it was imposing was "more than adequate," and if it had believed that, it would have had the discretion to sentence lower—even beneath the recommended guidelines range of 46 to 57 months. It is noted as well that "a greater sentence is not necessary" nearly tracks the actual language in the statute, requiring the court to impose a sentence that is "not greater than necessary." 18 U.S.C. § 3553(a). The court's

---

[4] The sentencing in Neufeld took place prior to the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which rendered the Federal Sentencing Guidelines unconstitutional as applied in a mandatory and binding fashion. The sentencing in this case took place in a regime where the guidelines are advisory only.

statement appears to be nothing more than an expression that the sentence imposed was reasonable and appropriate under the circumstances. In any event, there is no evidence that the district court applied a "more punitive" standard to Garcia-Delgado, and even if it had, Garcia-Delgado has not demonstrated that his substantial rights were violated in any way. The district court correctly calculated the recommended sentencing range and imposed a sentence at the midpoint. There is nothing in the record to suggest that a remand would result in a different sentence, and Garcia-Delgado has not argued or even suggested that his sentence was in any way unreasonable. We, therefore, affirm.

**AFFIRMED.**