[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13284
Non-Argument Calendar

_____

D. C. Docket No. 05-00110-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES CLINTON MCCORVEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(January 25, 2007)**

Before BLACK, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

James Clinton McCorvey appeals his convictions and sentences for

possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g). After a thorough review of the record, we affirm.

## I. Background

Prior to trial, the government gave notice of its intent to introduce evidence of McCorvey's 2002 conviction for a controlled substance offense and a 1994 conviction for possession of a firearm by a convicted felon prior convictions under Fed. R. Evid. ("Rule") 404(b).

Also prior to trial, McCorvey moved to suppress evidence and to identify the confidential informant who supplied information that formed the basis of the search warrant for his residence that led to the discovery of the drugs and firearm. According to the affidavit for the search warrant, police used a confidential informant to engage in a controlled buy of drugs from McCorvey at McCorvey's home. McCorvey submitted a sworn affidavit denying any involvement in the controlled buy. At a hearing, the officer who filed the affidavit testified about the controlled buy, and the court found that there was no false statement in the affidavit. The court then denied the motions to suppress and to identify the informant.

The evidence at trial established the following: as part of a drug

2

investigation, Escambia County Sheriff's Office narcotics investigator Reginald Bruster executed a search warrant for McCorvey's residence, which he was able to identify based on bills for that address listed in McCorvey's name. In the bedroom of McCorvey's house, police found McCorvey's wallet, cash, and cans with false bottoms. The cans contained little baggies like the ones used to store and package drugs for distribution. Police also found cocaine and Mannitol, a cutting agent used to dilute drugs, enabling sellers to increase profits. In the living room, police found more baggies and electronic scales. In another room that appeared to be used as storage, police found clothes, pill bottles with McCorvey's name on them, and a loaded firearm with two types of ammunition in a dresser drawer. The amount of drugs found was 15.9 grams of cocaine.

Bruster testified that his investigation did not uncover any legitimate source of income for McCorvey. Defense counsel objected to the testimony, which the court overruled. Counsel later clarified the basis for his objection - that Bruster's testimony concerning McCorvey's lack of income was based on hearsay. Counsel moved for a mistrial, which the court overruled, noting that counsel could have cross-examined Bruster to determine the basis of his knowledge.

The government reiterated that it intended to call a witness to testify to

McCorvey's prior convictions.[1]  Defense counsel objected to the testimony in general, but specifically to the use of a witness to discuss the convictions.  Counsel also noted that the testimony would be irrelevant and prejudicial.  The court overruled the objection.  ATF Agent Peter Bondjuk testified that McCorvey had prior convictions for possession of cocaine in 2002 and possession of a firearm by a convicted felon in 1994.

McCorvey called a single witness and did not testify on his own behalf.  Lawrence Coker testified that his son had been living in the house with McCorvey.  After Coker's son died, Coker never removed his son's belongings.

In preparing the jury instructions, defense counsel requested an instruction on the lesser included offense of possession because the small amount of drugs was consistent with personal use.  The court denied the instruction, finding it unnecessary because the jury could find McCorvey not guilty if it believed the drugs were for personal use.  In its instructions, the court informed the jury that the prior convictions were admissible for the limited purposes of determining whether McCorvey had the required intent and whether he acted without mistake or accident.  The jury convicted McCorvey of both counts.[2]

---

[1]  The parties stipulated that McCorvey had a prior felony conviction for purposes of the instant § 922(g) charge.  Expert testimony established that the firearm and ammunition found in the house traveled in interstate or foreign commerce.

[2]  The court denied McCorvey's motions for post-verdict judgment of acquittal.

Prior to sentencing, the government filed an information on enhanced penalties under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), in which it identified the following prior convictions: battery, battery on a law enforcement officer, possession with intent to deliver, and sale of a controlled substance.

The probation officer prepared a presentence investigation report ("PSI"), grouping the two counts together and assigning a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4) based on the prior battery conviction. The probation officer then included a 4-level increase under U.S.S.G. § 2K2.1(b)(5) because McCorvey possessed the firearm in connection with another felony offense, i.e. the controlled substance offense in count one, and a 2-level increase for obstruction of justice, U.S.S.G. § 3C1.1, based on the false affidavit McCorvey submitted in his earlier motion to suppress. Under the ACCA, McCorvey's adjusted offense level was 34.

The probation officer then detailed McCorvey's lengthy criminal history, which identified more than 20 prior convictions for assault and battery, controlled substance offenses, and firearm offenses. Based on McCorvey's status as a career offender, his criminal history category was VI, which resulted in a guidelines range of 262 to 327 months imprisonment. The probation officer recommended a

5

sentence in the middle of the range, but did not recommend a fine because the records indicated that McCorvey would be unable to pay a fine due to outstanding debt and overdue child support.

The court overruled McCorvey's various objections to the enhancements and adopted the PSI. Upon consideration of the sentencing factors in 18 U.S.C. § 3553(a), including McCorvey's prior convictions, the court sentenced McCorvey to 294 months imprisonment. The court also imposed a fine of $800, which was below the guidelines range, finding that McCorvey would not be able to pay a fine within the range, but that the opportunities he had in prison as well as upon release would enable him to pay a smaller fine. McCorvey objected to the fine imposed.

McCorvey now appeals, challenging the admission of his two prior convictions, the testimony regarding his income, the failure to instruct the jury on the lesser included offense, and the imposition of a fine.[3]

## II. McCorvey's Appeal

We review a district court's decision to admit evidence for abuse of

---

[3] McCorvey also challenges the conclusion that the firearm was "in connection with" drug distribution and whether the court plainly erred in imposing a sentence that was sufficient and "a greater sentence should not be necessary." Upon review, we affirm without further discussion. See United States v. Garcia-Delgado, 184 Fed. Appx. 851 (11th Cir. 2006) (unpublished) (holding that the court's statement that the sentence was "sufficient, and a greater sentence is not necessary" did not contradict the requirements of § 3553(a)); United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002) (holding that to apply the firearm enhancement, the firearm need only "reflect the context of the defendant's possession," and the defendant's ability to use the firearm to promote the controlled substance offense).

discretion. <u>United States v. Smith</u>, 459 F.3d 1276, 1295 (11th Cir. 2006). A district court's refusal to give a particular jury charge also is reviewed for abuse of discretion. <u>United States v. Lee</u>, 68 F.3d 1267, 1273 (11th Cir. 1995). We review a district court's determination that the defendant is able to pay the fine for clear error. <u>United States v. McGuinness</u>, 451 F.3d 1302, 1307 (11th Cir. 2006); <u>United States v. Singh</u>, 335 F.3d 1321, 1323 n.1 (11th Cir. 2003).

## A. Admission of Prior Convictions

McCorvey argues that the court misapplied Rule 404(b) and admitted prejudicial and irrelevant evidence, leaving the jury to picture him as a violent repeat offender. He contends that his prior convictions were not relevant to the issue of intent because intent was not an element of the 922(g) offense. He further notes that he stipulated that he had a prior felony conviction, and, therefore, the prior convictions were not admissible to prove this element of his § 922 offense. Although he acknowledged that this court permits evidence of a prior conviction to show knowing possession of a firearm, he asserts that it was not probative in the instant case because there was no information about the prior conviction and it is unknown whether the prior conviction was similar. McCorvey admits that intent is an element of his controlled substance offense, but he asserts that his prior conviction for possession of a controlled substance is not probative of his intent to

7

commit possession with intent to distribute, as the two offenses have different elements.

Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." Fed. R. Evid. 404(b). The rule is one of "inclusion." United States v. Jernigan, 341 F.3d 1273, 1280 (11th Cir. 2003).

As this court has explained, evidence is admissible under Rule 404(b) if: "(1) it is relevant to an issue other than the defendant's character; (2) the prior act is proved sufficiently to permit a jury determination the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and it must satisfy Federal Rule of Evidence 403."[4] United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006); Jernigan, 341 F.3d at 1280. McCorvey does not challenge whether the prior convictions were proven sufficiently; thus only the first and third prongs are at issue.

As to the first prong, we conclude that the prior convictions were relevant to

---

[4] Rule 403 provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

show intent and absence of mistake. McCorvey's defense was that his prints were not found on the evidence, that the evidence belonged to a previous resident of the house, and that he did not knowingly possess the firearm. Based on this defense, McCorvey placed his intent and lack of mistake at issue. Jernigan, 341 F.3d at 1281-82. Thus, the evidence was admissible to prove intent and absence of mistake. Moreover, the fact that the prior conviction involved possession of a controlled substance and that the instant offense involved possession with intent to distribute does not render the prior conviction inadmissible. See United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005) (explaining that a prior conviction for possession was relevant to the instant charge for possession with intent to distribute); United States v. Butler, 102 F.3d 1191 (11th Cir. 1997). Furthermore, evidence of a prior possession of a firearm is admissible to show knowledge in a prosecution for knowingly possessing a similar weapon. Jernigan, 341 F.3d at 1281.

With respect to the third prong, the probative value of the evidence outweighed the prejudicial value. Despite McCorvey's claim that the evidence caused the jury to view him as a violent repeat offender, the jury only heard about two prior convictions - one for controlled substances and one for firearm possession. The jury did not learn any details of the convictions, or of McCorvey's

9

lengthy criminal history.  Thus, the evidence was not prejudicial.  Moreover, the court instructed the jury that the evidence was admissible for the limited purpose of showing intent and absence of mistake, and not to determine whether McCorvey committed the instant offense.  Jernigan, 341 F.3d at 1283.  Therefore, the court did not abuse its discretion by admitting the prior convictions.

Even if the court erred, any error was harmless in light of the overwhelming evidence against McCorvey.  United States v. Gunn, 369 F.3d 1229, 1236 (11th Cir. 2004); United States v. Harriston, 329 F.3d 779, 789 (11th Cir. 2003) (stating that error is harmless "where there is overwhelming evidence of guilt" or "the error had no substantial influence on the outcome and [other] sufficient evidence . . . supports the verdict").  Police found drugs and drug paraphernalia in McCorvey's bedroom, in a house listed in McCorvey's name, and on the bed with McCorvey's wallet.  In light of this evidence, permitting the jury to hear about two prior convictions was harmless.

### B.  McCorvey's Income

McCorvey next argues that the court improperly admitted testimony that investigators found no legitimate source of income because there was no foundation for the testimony as required by Rule 602 and 701.

Under Rule 602, "[a] witness may not testify to a matter unless evidence is

10

introduced sufficient to introduce a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony." Fed. R. Evid. 602. A witness's lay opinion is admissible if, inter alia, it is "rationally based on the perception of the witness." Fed. R. Evid. 701.

Here, the court did not abuse its discretion. Bruster testified that he was involved in the investigation and that he was unable to find any legitimate source of income. Thus, Bruster had personal knowledge, based on his investigation, and his testimony satisfied Rule 602.

Moreover, even if there was error, that error was harmless because, as discussed above, the evidence against McCorvey was overwhelming. Harriston, 329 F.3d at 789.

### C. Jury Instructions

In his next argument, McCorvey asserts that the court erred by refusing to instruct the jury on the lesser included offense of possession because the evidence was consistent with the offenses of simple possession and a rational juror could have found him guilty of the lesser offense.

A defendant is entitled to an instruction on a lesser included offense if "there was a reasonable basis on which the jury could find the defendant guilty of [the

11

lesser offense] beyond a reasonable doubt yet entertain a reasonable doubt [as to the greater offense]." United States v. Catchings, 922 F.2d 777, 780 (11th Cir. 1991). As this court has explained, in the context of possession and distribution of drugs, where the factual issues are the same for both the lesser offense of possession and the greater offense of distribution, the instruction on possession is not required. Id. at 780-81; United States v. Pirolli, 742 F.2d 1382, 1387 (11th Cir. 1984).

Here, the facts involved in the two offenses were the same, and therefore, the instruction was not required. See Lee, 68 F.3d at 1273. Moreover, McCorvey's reliance on United States v. Gibbs, 904 F.2d 52 (D.C. Cir. 1990), is misplaced. In Gibbs, police found only about 15 grams of drugs, but did not find any drug paraphernalia. In contrast, in this case, there was evidence that police found baggies, scales, and cutting agents, which were consistent with drug distribution. Moreover, there was no evidence in the instant case of personal use. Lee, 68 F.3d at 1273. Accordingly, the court did not abuse its discretion by denying the instruction.

### D. Imposition of a Fine

Finally, McCorvey argues that the court erroneously determined that he would be able to pay a fine below the guidelines range because the record reflected

12

his debt and the PSI recognized his inability to pay.

Under U.S.S.G. § 5E1.2, "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine" "even with the use of a reasonable installment schedule." U.S.S.G. § 5E1.2(a) & (e)(1).  McCorvey has the burden of proving inability to pay.  McGuinness, 451 F.3d at 1307; United States v. Hernandez, 160 F.3d 661, 665 (11th Cir. 1998).

Here, the district court found that McCorvey would not be able to pay a fine under the guidelines range, but that he was able to pay a smaller fine, which contradicted the PSI's findings.  The court made no other factual findings except to adopt the PSI.

This court has held that the sentencing court is not required to make specific findings of fact with respect to the Sentencing Guideline factors as long as "'the record reflect[s] the district court's consideration of the pertinent factors prior to imposing the fine.'"  United States v. Lombardo, 35 F.3d 526, 530 (11th Cir.1994).  These factors include: the defendant's income; earning capacity; financial resources; the burden on the defendant and his dependents; pecuniary loss inflicted on others as a result of the offense; whether restitution is ordered; the need to deprive the defendant of illegal gains; and the need to promote respect for the law,

13

provide just punishment, and adequate deterrence. U.S.S.G. § 5E1.2(d).  If it is unclear from the record as to the court's reasons for imposing a fine, this court should remand the case so that the court can make the necessary factual findings. United States v. Rowland, 906 F.2d 621, 624 (11th Cir. 1990).

Here, the court reviewed and adopted the PSI, but then found that employment opportunities in prison and after release would enable McCorvey to pay a fine in the amount of $800.  McCorvey has offered nothing to show his inability to pay this small amount.  As the court noted, McCorvey is only 48 years old, has a college education, and has no medical conditions that would prevent him from being able to work while incarcerated and after release.  Thus, it appears that the court sufficiently considered the necessary factors before imposing a fine. McCorvey has offered nothing other than the PSI's findings of his outstanding debt as evidence of his inability to pay.

### III. Conclusion

For the foregoing reasons, we **AFFIRM** McCorvey's convictions and sentences.