[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 29, 2008
THOMAS K. KAHN
CLERK

No. 07-12622
Non-Argument Calendar

_____

D. C. Docket No. 06-10011-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT PINA-SUAREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 29, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Albert Pina-Suarez, following a jury trial, appeals his convictions and sentences for 24 counts of bringing in aliens at a place other than a designated port of entry, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii), and one count of failure to heave to, in violation of 18 U.S.C. § 2237.  Pina-Suarez asserts:  (1) the evidence was insufficient to support his convictions under both statutes; (2) the district court erred in instructing the jury; (3) the district court abused its discretion in allowing into evidence an altered videotape and testimony regarding a GPS unit he used during a previous trip; (4) the district court erred in enhancing his sentence for causing bodily injury and obstruction of justice; and (5) his total 96-month sentence was unreasonable.  We affirm Pina-Suarez's convictions and sentences.

## I. DISCUSSION

A.    *Sufficiency of the Evidence*

1.    *18 U.S.C. § 1324(a)(2)(B)(iii)*

Generally, a defendant's presentation of a case after the denial of a motion for judgment of acquittal, made at the close of the government's case-in-chief, operates as a waiver of any objection to the decision on the motion.  *United States v. Jones*, 32 F.3d 1512, 1516 (11th Cir. 1994).  When the defendant fails to preserve a motion for judgment of acquittal at the close of all the evidence, we review the sufficiency of the evidence for a manifest injustice, which requires a

2

finding the evidence on a key element of the offense is so tenuous that a conviction would be shocking. *United States v. Tapia*, 761 F.2d 1488, 1492 (11th Cir. 1985). We consider all of the evidence produced at trial against the defendant in evaluating a claim that the evidence was insufficient to convict. *United States v. Thomas*, 8 F.3d 1552, 1558 n.12 (11th Cir. 1993). Moreover, when a defendant chooses to testify at his own trial, the jury is free not only to reject his testimony as a complete fabrication, but is also free to conclude the opposite of his testimony is true. *See United States v. Vazquez*, 53 F.3d 1216, 1225-26 (11th Cir. 1995).

As part of its case in proving a defendant violated 8 U.S.C. § 1324(a)(2)(B)(iii), the government must prove "the defendant conducted himself 'knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States.'" *United States v. Perez*, 443 F.3d 772, 780 (11th Cir. 2006) (citing 8 U.S.C. § 1324(a)(2)(B)(iii)). We have interpreted the "reckless disregard" element of transporting illegal aliens as "to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person transported was an alien who had entered or remained in the United States in violation of law." *Id.* at 781 (quoting Eleventh Circuit Pattern Jury Instructions (Criminal) at 83.2 (2003))

(emphasis omitted). We have also approved the following definition of the

"reckless disregard" element of transporting illegal aliens:

> The phrase "reckless disregard of the fact," as it has been used from time to time in these instructions, means deliberate indifference to facts which, if considered and weighed in a reasonable manner, indicate the highest probability that the alleged aliens were in fact aliens and were in the United States unlawfully.

*Id.* at 781 (quoting *United States v. Zlatogur*, 271 F.3d 1025, 1029 (11th

Cir.2001)).

A review of the record in this case reflects sufficient evidence for a

conviction under each element of § 1324. The intent under § 1324 requires the

government prove the defendant acted in "knowing or in reckless disregard" of the

fact the individuals he was bringing in were illegal aliens. Testimony at trial

established Pina-Suarez had a boat full of people asking to be transported to the

United States, they did not speak English, he had either picked them up from a raft

in the ocean made out of trees found in Cuba or from Cuba itself, and the Coast

Guard ordered him to stop, which he failed to do. Further, Pina-Suarez stated in

his testimony the people on his boat told him how much they wanted to be

American. It was reasonable, based on this evidence, for a jury to conclude Pina-

Suarez knew, or acted with deliberate indifference to the fact the people on his boat

were in fact illegal aliens. The evidence presented regarding the element of

4

"knowing or in reckless disregard" is therefore not "so tenuous that a conviction would be shocking." *See Tapia*, 761 F.2d at 1492.

2.      *18 U.S.C. § 2237*

Where, as here, a defendant raises an objection for the first time on appeal, we review for plain error to avoid manifest injustice. *United States v. Hunerlach*, 197 F.3d 1059, 1068 (11th Cir. 1999). Under this standard, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993). When these three factors are met, we may correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* An error is plain if it is "'obvious' and 'clear under current law.'" *United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999). There can be no plain error, however, where there is no statute or precedent from the Supreme Court or this Court directly resolving an issue. *United States v. Chau*, 426 F.3d 1318, 1322 (11th Cir. 2005) (citation omitted).

To support a conviction under 18 U.S.C. § 2237, the government bears the burden of proving a defendant: (1) knowingly failed to obey (2) an order by a Federal law enforcement officer (3) to heave to that vessel. 18 U.S.C. § 2237.

There is no case law from this Circuit, nor from the Supreme Court, regarding the intent required for a conviction under 18 U.S.C. § 2237. Therefore,

5

because this claim is reviewed for plain error, it necessarily fails. *See Humphrey*, 164 F.3d at 588; *Chau*, 426 F.3d at 1322. Pina-Suarez does not contend the evidence was insufficient to support a conviction if a § 2237 violation is a general intent crime, and he admits the court instructed the jury this was the law. Because no case law exists stating § 2237 violations are specific intent crimes, this Court need not consider whether the evidence was sufficient to support a finding of specific intent, because there is no plain error.

B.     *Jury Instructions*

1.     *8 U.S.C. § 1324(a)(2)(B)(iii) and 18 U.S.C. § 2237*

Where, as here, a defendant challenges a jury instruction for the first time on appeal, the instruction is reviewed for plain error. *United States v. Moore*, 253 F.3d 607, 609 (11th Cir. 2001).

To support a conviction under 8 U.S.C. § 1324(a)(2)(B)(iii), the government must prove "the defendant conducted himself 'knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States.'" *Perez*, 443 F.3d at 780. With regard to the intent instruction for 8 U.S.C. § 1324, the district court instructed the jury the Government had to prove, beyond all reasonable doubt "the defendant acted knowingly or in reckless disregard of the fact that the alien had not received prior

6

official authorization to come to or enter the United States, regardless of whether the alien was later allowed to remain in the United States." The court further clarified to act with reckless disregard means "to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person was an alien who had entered or remained in the United States in violation of law." Because the requisite criminal intent for a conviction under this section is "knowing or with reckless disregard," and because the court instructed the jury on that intent, Pina-Suarez has failed to show error on the part of the district court in its instructions on this charge.

To support a conviction under 18 U.S.C. § 2237, the government must prove a defendant (1) knowingly failed to obey (2) an order by a Federal law enforcement officer (3) to heave to that vessel. 18 U.S.C. § 2237. With regard to intent under this section, the court instructed the jury the government had to prove beyond all reasonable doubt "the defendant knowingly failed to obey [the Coast Guard's order to heave to]." As noted above, there is no precedent from this Circuit which identifies the intent required for a conviction under this section. However, the plain language of § 2237 indicates the requisite mental intent for a conviction under this section is "knowingly." Therefore, on its face, the district court committed no plain error in its instructions on this charge.

*2.     Lesser Included Offense*

Where a defendant fails to request an instruction on a lesser included offense, and fails to object to the omission of such an instruction at trial, it is not error for a district court to fail to give such an instruction *sua sponte*. *See United States v. Chandler*, 996 F.2d 1073, 1099 (11th Cir. 1993) (holding when a defendant "did not request an instruction or object to the omission of an instruction for the lesser included offense . . . the district court did not err by failing to give such an instruction *sua sponte*"). Thus, because Pina-Suarez did not request a lesser included offense instruction, or object to the omission of a lesser included offense instruction, the district court did not err in failing to give such an instruction *sua sponte*.

*3.  Theory of the Defense Instruction*

We review a properly preserved claim the district court omitted an instruction for an abuse of discretion. *United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir. 1994). The appellant is entitled to relief on the claim only where "the rejected instruction was substantively correct, the actual charge to the jury did not substantially cover the proposed instruction, and the failure to give it substantially impaired the defendant's ability to present an effective defense." *Zlatogur*, 271 F.3d at 1030.

8

"A criminal defendant has the right to have the jury instructed on [his] theory of defense, separate and apart from instructions given on the elements of the charged offense." *United States v. Ruiz*, 59 F.3d 1151, 1154 (11th Cir. 1995). The defendant's burden of presenting evidence to obtain the instruction is "extremely low" and the district court must view the evidence in a light most favorable to the defendant. *Id.* "[A] defendant is not automatically entitled to a theory of the defense instruction if that argument is adequately covered in another instruction, if it would be confusing, if it is not a legally cognizable defense, or if it merely emphasizes a certain phase of the evidence." *United States v. Blanton*, 793 F.2d 1553, 1561 (11th Cir. 1986).

Pina-Suarez testified on his own behalf regarding his belief he could not stop his boat as ordered by the Coast Guard for fear of death or serious bodily injury, namely, that two individuals on his boat would throw him overboard if he tried to stop, and he feared being thrown off of the boat at 50 or 60 miles per hour and being run over by the prop. Further, Pina-Suarez introduced two witnesses, both of whom corroborated his story that a man on his boat would not allow him to stop when ordered by the Coast Guard. Pina-Suarez also testified that, due to the behavior of the Coast Guard, shutting off his boat and getting thrown overboard could have resulted in him being run over by the Coast Guard.

9

This testimony was countered by witnesses for the Government, who testified that, after ordering Pina-Suarez to stop his boat, Pina-Suarez instead gestured as if they were going to land, gave the Coast Guard the middle finger, and began driving erratically, trying to impact the Coast Guard's boat. Further, witnesses testified they could see Pina-Suarez driving, and no one else was near him during the chase.

Because a defendant's burden of presenting evidence to obtain the instruction is "extremely low" and must be viewed in the light most favorable to the defendant, the evidence presented by Pina-Suarez in this case was arguably sufficient to meet the evidentiary burden for the requested instruction of duress.[1] *See Ruiz*, 59 F.3d at 1154. However, even assuming the instructions proposed by Pina-Suarez were correct and were not substantially covered by other instructions given to the jury, the district court's failure to give the requested instruction did not substantially impair Pina-Suarez's ability to present an effective defense. *See Zlatogur*, 271 F.3d at 1030. As noted above, throughout the trial, Pina-Suarez's defense was that he had acted involuntarily, which he was allowed to present unfettered by the district court. Further, the entire thrust of defense counsel's

---

[1] To establish a defense of duress, a defendant must show (1) he acted under an immediate threat of death or serious bodily injury, (2) he had a well-grounded fear the threat would be carried out, and (3) he had no reasonable opportunity to escape or inform authorities. *United States v. Alzate*, 47 F.3d 1103, 1104 (11th Cir. 1995).

10

closing argument was that, although Pina-Suarez failed to stop when commanded by the Coast Guard, his actions were not willful or voluntary, but were due to the fact he was being threatened by the people on his boat. The record shows Pina-Suarez was able to present, throughout this case, evidence of intimidation or coercion. Therefore, because the district court's failure to give the requested instruction did not substantially impair Pina-Suarez's ability to present an effective defense, the failure to give the instruction does not constitute reversible error.

## C. Evidentiary Rulings

### 1. Videotape

Where, as here, a party claims evidentiary errors for the first time on appeal, we will not reverse unless they constitute plain error. *United States v. Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990). Even if the evidence was admitted or excluded improperly, we will not vacate unless the defendant's substantial rights were affected. *Id*. Further, the Supreme Court has held "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 109 S. Ct. 333, 337 (1988).

Pina-Suarez has failed to demonstrate plain error with respect to the videotape. Testimony at trial revealed the Coast Guard began taping the chase,

11

stopped, rewound, and started the tape over due to profanity used by one of the crew on the tape. Pina-Suarez has failed to demonstrate this was done for any purpose other than the one stated at trial. Therefore, he has failed to show bad faith on the part of the Coast Guard, and the rewinding of the tape does not constitute a denial of due process. *See id.* As such, the district court did not err in admitting the videotape into evidence.

2.   *Testimony*

When a party properly preserves its claim, we review the district court's rulings on admission of evidence for an abuse of discretion. *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000). Even if the evidence was admitted or excluded improperly, we will not vacate unless the defendant's substantial rights were affected. *Hawkins*, 905 F.2d at 1493. We determine whether an error had substantial influence on the outcome by weighing the record as a whole, *see United States v. Montalvo-Murillo*, 110 S. Ct. 2072, 2080 (1990), and examining "the facts, the trial context of the error, and the prejudice created thereby as juxtaposed against the strength of the evidence of defendant's guilt." *United States v. Reed*, 700 F.2d 638, 646 (11th Cir. 1983) (quotation omitted).

Because there was sufficient evidence to convict Pina-Suarez on counts 1-24 absent the agent's testimony regarding the GPS, and because the testimony

regarding the GPS was not admitted to prove any elements of the charged offenses, but was introduced solely for the purposes of impeachment on a collateral issue, any potential error on the part of the district court in admitting the rebuttal testimony regarding Pina-Suarez's handheld GPS is did not affect Pina-Suzarez's substantial rights and is harmless.

*D.     Sentencing Guidelines*

"The sentencing guidelines make clear that where a guidelines range falls entirely below a mandatory minimum sentence, the court *must* follow the mandatory statutory minimum sentence."  *United States v. Clark*, 274 F.3d 1325, 1328 (11th Cir. 2001).  As such, any possible error in the Guidelines calculations is harmless and need not be addressed.  *United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005).

Here, the applicable Guidelines range was 46 to 57 months' imprisonment. However, due to the number of aliens Pina-Suarez was convicted of smuggling into the United States, the statute under which he was convicted, 8 U.S.C. § 1324(a)(2)(B)(iii), carried a mandatory minimum sentence of 5 years, or 60 months.  Therefore, any potential error on the part of the district court in enhancing Pina-Suarez's sentence for bodily injury and obstruction of justice is harmless.  *See Raad*, 406 F.3d at 1323 n.1.

13

*E.     Reasonableness*

We review Pina-Suarez's sentence for reasonableness.  *See United States v. Booker*, 125 S. Ct. 738, 767 (2005).  "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard."  *Gall v. United States*, 128 S. Ct. 586, 597 (2007).  Pina-Suarez bears the burden of showing his sentence is unreasonable.  *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

After *Booker*, sentencing review requires two steps: first, we must ensure the district court committed no significant procedural error, and second, we must consider the substantive reasonableness of the sentence imposed.  *See Gall,* 128 S. Ct. at 597.  In reviewing the ultimate sentence for reasonableness, we consider the final sentence imposed in light of the § 3553(a) factors.  *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006).  Our reasonableness review is deferential, and requires us to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in [§] 3553(a)."  *Talley*, 431 F.3d at 788.

In arriving at a reasonable sentence, the district court is required to consider the factors set out in 18 U.S.C. 3553(a): "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect

14

the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims." *Talley*, 431 F.3d at 786 (citing 18 U.S.C. § 3553(a)).

It is sufficient for the district court to acknowledge that it has considered these factors; it need not explicitly consider or discuss each of them. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Further, "[t]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

For adequate appellate review, when a district court varies a sentence under 18 U.S.C. § 3553(a), subsection (c) requires a judge to state his reasons for such a variance. "Congress has specifically proclaimed that a sentencing court shall state the reason for imposing a sentence [exceeding 24 months] at a particular point within the range. When a sentencing court fails to comply with this requirement, the sentence is imposed in violation of law." *United States v. Williams*, 438 F.3d

15

1272, 1274 (11th Cir. 2006) (quotations and alterations omitted). The brevity or length of such a statement depends upon the circumstances of each particular case. *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007). "The law leaves much, in this respect, to the judge's own professional judgment. . . . The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.*

To determine whether a sentence was imposed due to a Guidelines departure or a § 3553(a) variance, we look to the process taken by the district court in making its determination. *See United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006), *cert. granted*, 128 S. Ct. 828, No. 06-7517 (Jan. 4, 2008). In *Irizarry*, we found the sentence imposed was a variance due to the following factors:

> The district court correctly calculated to advisory guidelines range. The court then considered the adequacy of this range in the light of the sentencing factors listed in 18 U.S.C. section 3553(a) and the evidence presented at the sentencing hearing. After concluding that the guidelines range did not adequately address the future risk Defendant posed to the public, the court exercised its post-*Booker* discretion to impose a reasonable sentence outside the sentencing guidelines range.

*Id.* (internal citation omitted).

16

Both parties discussed at length the appropriate Guidelines calculations, with the district court ultimately determining the appropriate Guidelines range to be 46 to 57 months' imprisonment, with a statutory mandatory minimum of 60 months. The court then turned to a consideration of what the sentence ought to be, recognizing the advisory nature of the Guidelines and its discretion to impose a reasonable sentence based on the severity and nature of the offense, and the facts of the record. The court then heard testimony from Pina-Suarez's mother, and argument from both parties regarding sentencing and the § 3553(a) factors. The court then imposed a sentence of 96 months' imprisonment. Given the steps taken by the district court in this case, which follow those taken in *Irizarry*, the sentence imposed in this case appears to be the result of a variance under 18 U.S.C. § 3553, not a Guidelines departure.

In reviewing the reasonableness of a sentence, this Court must first determine whether the district court committed any significant procedural error, such as incorrectly calculating the Guidelines range or treating the Guidelines as mandatory. *See Gall*, 128 S. Ct. at 597. Part of the procedural accuracy includes a statement by the court of reasons for imposing a sentence outside of the recommended Guidelines range. *Rita*, 127 S. Ct. at 2467; *Williams*, 438 F.3d at 1274. Here, although the court followed the correct procedure in determining the

Guidelines range, gave notice to the parties that it could vary above the Guidelines, and heard arguments regarding the parties' determination of an appropriate sentence, it did not explicitly state its reasons for a variance as required by § 3553(c). However, it appears the district court accepted the Government's position regarding sentencing, which satisfies the requirements of *Rita* and allows for meaningful appellate review. Therefore, the district court committed no procedural error in determining Pina-Suarez's sentence.

The Government argued for an increased sentence on the basis that the mandatory minimum applies regardless whether a defendant accepts responsibility, obstructs justice, commits perjury, or injures people. Pina-Suarez never accepted responsibility, lied to law enforcement and at trial, put those on his boat and members of the Coast Guard in harms way, and injured three of the people on his boat. Because someone who had done none of those things would still receive the mandatory minimum sentence, the Government felt that a sentence above the statutory minimum would be appropriate.

These reasons take into account various § 3553(a) factors, including the nature and circumstances of the offense, the need to provide just punishment, and the need to avoid unwanted sentencing disparities. Although Pina-Suarez argues the court violated *Booker* in failing to account for the mitigating § 3553(a) factors,

18

because the weight to be accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court, the district court did not err in sentencing Pina-Suarez above the mandatory minimum. *See Clay*, 483 F.3d at 743. Based on these facts, the district court did not abuse its discretion in sentencing Pina-Suarez above the mandatory minimum sentence, and the ultimate sentences imposed are reasonable in light of the facts and circumstances of this case.

## II. CONCLUSION

The evidence was sufficient to support convictions under both statutes and there was no reversible error in the district court's jury instructions. Additionally, the district court did not plainly err or abuse its discretion in the challenged evidentiary rulings. Accordingly, we affirm Pina-Suarez's conviction.[2] We also conclude Pina Suarez's sentence is reasonable.

**AFFIRMED.**

---

[2] As Pina-Suarez has failed to demonstrate any serious errors on the part of the district court, his claim that the cumulative prejudicial effect of the many serious errors committed at trial requires reversal is meritless.