[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14350

_____

D. C. Docket No. 03-14041-CR-KMM

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 8, 2006
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK FREDERICK WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 8, 2006)**

Before BARKETT, WILSON and REAVLEY,* Circuit Judges.

PER CURIAM:

---

\* Honorable Thomas M. Reavley, United States Circuit Judge for the Fifth
Circuit, sitting by designation.

Patrick Frederick Williams appeals his conviction and life sentence under 21 U.S.C. § 841(a)(1) for possession of cocaine base with intent to distribute. He argues that his conviction must be reversed because the trial court erroneously admitted in evidence the hearsay statements of a confidential informant, as well as evidence of prior conviction for a similar offense. With regard to his sentence, Williams argues that the trial court: (1) erroneously enhanced his sentence on the basis of past convictions neither charged in the indictment nor proved at trial, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) erroneously enhanced his sentence on the basis of a drug quantity neither alleged in the indictment nor proved at trial, in violation of United States v. Booker, 543 U.S. 220 (2005); (3) erroneously treated the Federal Sentencing Guidelines as mandatory, in violation of Booker; (4) failed to conduct a sentencing colloquy, in violation of 21 U.S.C. § 851(b); and (5) failed to provide reasons for Williams' life sentence, in violation of 18 U.S.C. § 3553(c)(1).

Having carefully reviewed this record, we find no reversible error in the district court's evidentiary rulings and thus affirm Williams' conviction. We likewise find that, pursuant to this Court's precedent, four of the five claimed sentencing errors have no merit. First, it was not error to enhance Williams' sentence on the basis of prior convictions properly noted in the presentence report

2

(PSI). See United States v. Burge, 407 F.3d 1183, 1188 (11th Cir. 2005) ("[T]he government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." (internal quotation marks and citation omitted)).

Second, we find no constitutional Booker error in assigning to Williams a base offense level of 30, the figure used for crack offenses involving between 35 and 50 grams. Although Williams' conviction was based on only "five grams or more," his failure to contest the 37 grams imputed in the PSI constituted an admission of that quantity. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005).

Third, we reject Williams' claim that the trial court committed reversible Booker error by construing the sentencing guidelines as mandatory. See Booker, 125 S.Ct. at 756. Williams recognizes that this claim must be evaluated under the plain error standard of review, as it was not preserved by an objection in the trial court. Because there is no reason to think that Williams' sentence would have been lighter if the court had properly applied the guidelines as advisory, he cannot meet that standard, whose rigorousness in the Booker context we recently emphasized in United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005).

3

Fourth, Williams cannot prevail on the claim that his sentence must be vacated because the district court failed to inquire "whether he affirms or denies that he has been previously convicted as alleged in the information . . . ." 21 U.S.C. § 851(b).  The convictions relied upon for Williams' sentence enhancements occurred in 1996 and 1997, respectively, and § 851(e) barred him from "challeng[ing] the validity of any prior conviction . . . which occurred more than five years before the date of the information . . . ." 21 U.S.C. § 851(e). Because this provision precluded Williams from challenging the prior convictions "as a matter of law," the district court was "not required to adhere to the rituals of § 851(b)." United States v. Weaver, 905 F.2d 1466, 1482 (11th Cir. 1990) (citation and internal quotation marks omitted).

As to the fifth asserted sentencing error, it is uncontested that the district court failed to comply with 18 U.S.C. § 3553(c)(1), which requires the court, at the time of sentencing, to  "state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . exceeds 24 months, the reason for imposing a sentence at a particular point within the range" advised by the Guidelines.  We reject the government's argument that this error is subject only to plain error review.  In United States v. Parrado, we simply asked whether the trial court had fulfilled its requirement under § 3553(c)(1) to "tailor its comments to

4

show that the sentence imposed is appropriate . . . ." 911 F.2d 1567, 1572 (11th Cir. 1990).  We focus exclusively on the "sufficiency" of the court's conduct at sentencing, not that of the defendant: "Congress has specifically proclaimed that a sentencing court shall state 'the reason for imposing a sentence [exceeding 24 months] at a particular point within the range.' . . . *When a sentencing court fails to comply with this requirement, the sentence is imposed in violation of law . . . .* U.S. v. Veteto, 920 F.2d 823, 826 (11th Cir. 1991) (citations omitted) (emphasis added).

In Veteto we remanded for compliance with § 3553(c)(1) because the trial court explained a sentence in excess of 24 months with the "truism" that the chosen punishment "seem[ed] right." Id. at 824, 826.  Here the trial court offered no reason for the life sentence it elected to impose upon 26 year-old Williams. The duty of this Court in the instant case, then, is as clear as the explicit statutory duty imposed by § 3553(c)(1).

**AFFIRMED in part and REMANDED in part.**