[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 21, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16832
Non-Argument Calendar

_____

D. C. Docket No. 04-00630-CR-1-WBH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL HERRERA HERNANDEZ,
a.k.a. Justino Gonzales,
a.k.a. Baltazar Garcia De Los Santos,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 21, 2006)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Angel Herrera Hernandez appeals his 80-month sentence, imposed following his guilty plea for illegal re-entry, in violation of 8 U.S.C. § 1326(a), (b)(2). We affirm the district court's sentence for the reasons set forth below.

I.

Hernandez was indicted for illegal re-entry, in violation of 8 U.S.C. § 1326(a), (b)(2).[1] The indictment noted that he previously had been deported in 1992, 1993, 1996, 1999, and 2002. Hernandez agreed to plead guilty without a written plea agreement. At the change-of-plea hearing, Hernandez admitted that he had prior convictions for grand theft, controlled substance offenses, and robbery, and had been deported five times between 1992 and 2002.

The pre-sentencing investigation report ("PSI") listed a base offense level of 8 under U.S.S.G. § 2L1.2(a), with a 16-level enhancement because the prior conviction involved a violent crime, U.S.S.G. § 2L1.2(b)(1)(A)(ii), and a 3-level reduction for acceptance of responsibility. The total adjusted offense level was 21. Hernandez's prior convictions included grand theft, controlled substance offenses, and robbery in the second degree, which involved a gun. This history resulted in 12 criminal history points, but two points were added under U.S.S.G. § 4A1.1(e) because the instant offense was committed within two years after Hernandez's

_____

[1]Section 1326(b)(2) provides for a twenty-year statutory maximum penalty for an alien who had previously been deported after conviction for an aggravated felony.

release from custody for the robbery sentence. With 14 points, Hernandez's criminal history category was VI, and the resulting guidelines range was 77 to 96 months imprisonment. Hernandez did not file any objections to the PSI.

At sentencing, Hernandez objected, inter alia, that: (1) he should receive a downward departure in his criminal history; (2) enhancing both his criminal history and his offense level based on prior convictions resulted in double counting; (3) the 16-level enhancement was improper because it resulted in disparities in sentences and punished all violent crimes the same way; and (4) he was denied the fast-track program that would have decreased his offense level. After consideration, the court reduced Hernandez's criminal history category to V, based on an objection not relevant to the instant appeal, but overruled the remaining objections. The court noted that the prior robbery conviction involved a gun (which was used to beat up the victim), making it a serious violent crime. Based on the court's findings, the adjusted offense level was 21, and the criminal history category was V, resulting in a guidelines range of 70 to 87 months imprisonment. After considering the sentencing factors of 18 U.S.C. § 3553(a) and the seriousness of the offenses, as well as the five previous deportations, the court imposed a sentence of 80-months imprisonment. The court found this sentence reasonable and unlikely to produce any disparity. Hernandez now appeals.

II.

Constitutional issues raised below are subject to de novo review, and this court will reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). With respect to Hernandez's final sentence, the district court is still required to correctly calculate the guidelines range, and this court reviews a defendant's sentence for reasonableness. *United States v. Winingear*, 422 F.3d 1241, 1244 (11th Cir. 2006). Hernandez bears the burden of showing that his sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

First, Hernandez's claim that the application of the 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A) violated his Sixth Amendment rights is without merit. This court has repeatedly rejected Hernandez's objections to the application of § 2L1.2(b)(1)(A) because an enhancement based on a prior conviction does not represent a constitutional *Booker*[2] error. *E.g.*, *United States v. Martinez*, 434 F.3d 1318, 1323 (11th Cir. 2006). Moreover, by not challenging his prior convictions at sentencing, Hernandez admitted them. *United States v. Williams*, 438 F.3d 1272, 1273-74 (11th Cir. 2006).

Second, Hernandez's argument that the 16-level enhancement for his

---

[2]*United States v. Booker*, 543 U.S. 220 (2005).

4

conviction for second-degree robbery creates a disparity in sentencing and renders his sentence unreasonable also fails.[3] The court correctly calculated the guidelines range, sentenced Hernandez to the middle of the guidelines range, and this sentence fell well below the statutory maximum of twenty-years imprisonment. 8 U.S.C. § 1326(b)(2); *Martinez*, 434 F.3d at 1322. The court then considered the sentencing factors of 18 U.S.C. § 3553(a), noted that Hernandez had five illegal re-entries and his criminal conduct had escalated from theft to drugs to robbery with a weapon, and determined that a sentence at the middle of the range was sufficient to meet these factors. Therefore, the sentence imposed by the district court was reasonable.

Finally, Hernandez claims that his sentence within the guidelines range was unreasonable because the lack of a fast-track program in the Northern District of Georgia created an "unwarranted sentencing disparity." To the extent that Hernandez's argument could be construed as a claim that the district court erred by denying a downward departure, we lack jurisdiction to review this claim, as there is no evidence that the district court misunderstood its authority to depart. *Winingear*, 422 F.3d at 1245. To the extent that Hernandez argues that his

---

[3]Hernandez's argument that enhancing both his criminal history and his offense level based on prior convictions resulted in double counting, which he briefly mentioned in this section of his brief, has already been rejected by this court. *Martinez*, 434 F.3d at 1323 n.4.

5

sentence was unreasonable, Hernandez has failed to show how the lack of a fast-track program in this case affected his sentence. Section 3553(a) includes as a sentencing consideration "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" and the court specifically stated that it did not think that a sentence within the guidelines "would amount to a sentencing disparity." Moreover, as previously discussed, Hernandez failed to show that his sentence was unreasonable in light of the record before the court.

Accordingly, we AFFIRM Hernandez's sentence.

AFFIRMED.