[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 16, 2006
THOMAS K. KAHN
CLERK

No. 06-12945
Non-Argument Calendar

_____

D. C. Docket No. 04-00182-CR-2-SLB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

XAVIER VARGAS SOTO,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(November 16, 2006)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

In this case, we consider the government's arguments that (1) the district

court improperly calculated the guidelines range by granting a downward departure based on impermissible factors, and (2) that the sentence imposed was unreasonable. After a thorough review of the record, we vacate and remand for resentencing.

Xavier Vargas Soto pleaded guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) after police discovered drugs and a firearm in his room upon the execution of a search warrant. The probation officer determined the sentencing range for the drug count to be 30 to 37 months imprisonment. The firearm count carried a statutory 5-year sentence, to run consecutively to the sentence imposed on the drug count. See 18 U.S.C. § 924(c). Soto had no objections to the calculations. The prosecutor agreed to postpone the sentencing hearing at least twice to enable Soto to work with authorities in the hopes of obtaining a reduction for substantial assistance.

The government eventually moved for a downward departure based on substantial assistance under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), which would have resulted in a sentencing range of 12 to 18 months on the drug count. In the motion, the government provided a detailed review of Soto's cooperation, but did not request a reduction on the firearm offense. Soto responded that the

2

5-year consecutive sentence on the firearm offense was excessive, and he requested a reduction on the firearm count based on the § 3553(a) factors.

At sentencing, the court questioned Soto about his conduct, noting that it had never seen as extensive a drug history as Soto's. The court also noted that Soto's prior criminal history consisted of one bad check, and that the instant offense involved drugs worth only about $5,000. The court then learned that, since he entered his guilty plea, Soto had been employed, earned his high school diploma, completed courses to earn a degree from community college, and completed a drug program. Soto confirmed that he had assisted authorities about two months before sentencing, although not all of the deals he attempted were completed. Despite finding that Soto's assistance was de minimis, the court granted the government's motion for a departure based on substantial assistance, decided to give Soto "one more chance," and imposed sentences of 9 months on the drug offense and 9 months on the firearm offense, to be served consecutively. The court gave the following explanation for the sentences imposed:

> [Y]ou can thank the prosecutor for giving you those chances . . . ; because, if he had not done that, I wouldn't have had the option of giving you less than at least the 60 month sentence. . . . In determining the departure, in addition to the reasons previously stated, the court considered the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered. Again, I recognize that it was de minimis and probably in any other case would not even have warranted a motion

3

for downward departure. Again, you got a great benefit by the prosecutor . . . but I am thinking that you probably couldn't have done much more, if any more, than you did. The truthfulness, completeness and reliability of the information and the nature and extent of your assistance. Again, I departed much more than the government recommended, but I did consider their [sic] recommendation in making the departure. It's just that for other reasons and the fact that I don't think you had the ability or the knowledge to do more than you did.

The government objected to the extent of the departures and the reasonableness of the sentences imposed.

The government now appeals, arguing that the court improperly calculated the guidelines range by considering factors unrelated to Soto's substantial assistance and imposed an unreasonable sentence.

Although at sentencing the government objected to the sentences imposed, it did not do so on the ground that the departure was based on impermissible factors. Accordingly, we review that argument for plain error. United States v. Hall, 314 F.3d 565, 566 (11th Cir. 2002); see also United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). We review the extent of a departure for abuse of discretion.[1] United States v. Blas, 360 F.3d 1268 (11th Cir. 2004). The ultimate sentence imposed is subject to a reasonableness standard.

---

[1] After United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the same standards of review apply. United States v. Crawford, 407 F.3d 1174 (11th Cir. 2005).

4

United States v. Crawford, 407 F.3d 1174, 1179 (11th Cir. 2005).

We first address the sentence imposed on the drug count, and conclude that the court committed plain error. The government may show plain error where the error "dramatically impact[ed] the sentence, and thereby affect[ed] the substantial rights of the government and the people of the United States that the defendant be sentenced correctly in accordance with the legal principles of the sentencing guidelines." United States v. Clark, 274 F.3d 1325, 1329 (11th Cir. 2001).

"[D]istrict courts are prohibited from considering sentencing factors unrelated to the nature and extent of a defendant's assistance in making § 5K1.1 departures." United States v. Martin, 455 F.3d 1227, 1236 (11th Cir. 2006). In ruling on a government motion for departure based upon substantial assistance, district courts must consider the following factors, set forth in U.S.S.G. § 5K1.1: (1) "the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered"; (2) "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant"; (3) "the nature and extent of the defendant's assistance"; (4) "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance"; and (5) "the timeliness of the defendant's assistance." U.S.S.G. § 5K1.1(a). See Martin, 455 F.3d at 1235.

"[T]he court may consider factors outside the § 5K1.1(a) list, but only if they are related to the assistance rendered." United States v. Crisp, 454 F.3d 1285, 1289 (11th Cir. 2006). After the court has determined the nature and extent of departure based on substantial assistance, it should then consider the advisory guidelines range and the § 3553(a) factors in fashioning a reasonable sentence. United States v. McVay, 447 F.3d 1348, 1356-57 (11th Cir. 2006).

Here, the district court granted the government's motion for a downward departure pursuant to U.S.S.G. § 5K1.1 for substantial assistance, noting that Soto's assistance was de minimis but that he did not have the ability or the knowledge to do more than he did. The court made little mention of the § 5K1.1 criteria, but instead focused on the facts and circumstances related to the § 3553(a) factors such as the seriousness of the offense, Soto's history and characteristics, and his productive activities between his plea and sentencing. The court also weighed deterrence, Soto's need for drug and mental health programs, and potential educational or vocational opportunities.

Thus, in imposing sentence on the drug count, the district court departed under U.S.S.G. § 5K1.1 based upon factors unrelated to Soto's substantial assistance. Moreover, it appears that the court applied a reduction based on substantial assistance and a variance under Booker based on § 3553(a) factors. But

6

the court failed to explain how it apportioned the reduction in Soto's sentence between the two. Thus, the district court committed plain error that affected the sentence. Crisp, 454 F.3d at 1289; McVay, 447 F.3d at 1356-57. Accordingly, we vacate and remand the sentence imposed for the drug count for proper consideration of the factors under § 5K1.1.[2]

We also conclude that remand is warranted on the firearm count. A § 5K1.1 motion by the government for a departure based on a defendant's substantial assistance does not authorize the district court to depart below any statutory minimum sentence; a court may depart below the mandatory minimum only on the government's motion for substantial assistance under 18 U.S.C. § 3553(e), and it cannot sentence below the mandatory minimum based upon § 3553(a) factors. Melendez v. United States, 518 U.S. 120, 125-27, 116 S.Ct. 2057, 2060-61, 135 L.Ed.2d 427 (1996).

Here, the government did not request a departure below the mandatory minimum on the firearm count. Although it filed a motion citing § 3553(e), which would permit the court to consider departing below the mandatory minimum based upon substantial assistance, the motion focused on the drug count and did not request a departure on the firearm count. See Melendez, 518 U.S. at 125-26, 116

---

[2] Because we conclude that remand is warranted on this ground, we do not consider whether the sentence imposed on the drug count was reasonable.

S.Ct. at 2060. We note that the court is not bound by the government's recommendation, but it should give the recommendation substantial weight. See U.S.S.G. § 5K1.1, comment. (n.3). In this case, the court failed to give the recommendation substantial weight.

Moreover, the extent of the departure is not supported by the substantial assistance reasons given by the court. The court's departure from a mandatory minimum sentence of 60 months to a sentence of 9 months constitutes an 85 percent reduction. In light of the court's acknowledgment that Soto's assistance was "de minimis" and that Soto did not have the ability or the knowledge to offer more assistance than he did, the reduction was not reasonable.

Finally, we reject Soto's response that the sentence can nevertheless be affirmed as reasonable based upon the § 3553(a) factors that the court discussed. This particular departure is below the mandatory minimum and statutory mandatory minimums are not "advisory" even after Booker. United States v. Shelton, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005). A sentence can be unreasonable no matter what the extent if based upon impermissible factors. United States v. Williams, 438 f.3d 1272, 1274 (11th Cir. 2006).

Accordingly, we **VACATE** and **REMAND** for resentencing.