[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2007
THOMAS K. KAHN
CLERK

No. 07-10880
Non-Argument Calendar

_____

D. C. Docket No. 06-00050-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHUKREE AMEEN SIMMONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 26, 2007)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Shukree Simmons appeals his sentence imposed after revocation of supervised release, pursuant to 18 U.S.C. § 3583(e)(3).  Simmons contends the district court abused its discretion in imposing a sentence above the Guidelines range and that his sentence was unreasonable.  In particular, Simmons asserts the district court failed to calculate or consider the Guidelines range, failed to consider the 18 U.S.C. § 3553(a) factors or the policy statements of Chapter 7 of the Guidelines, and failed to state a reason for the above-Guidelines sentence.  We vacate Simmons' sentence and remand for resentencing because the district court failed to adequately state the reasons for the 24-month sentence it imposed as required by 18 U.S.C. § 3553(c).

When a defendant has violated a condition of supervised release, the district court may revoke the term of supervision and impose a term of imprisonment after considering the factors set out in 18 U.S.C. § 3553(a).  *United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007); 18 U.S.C. § 3583(e)(3).  According to § 3553(c), the sentencing court "shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence . . . (2) is not of the kind, or is outside the range, described in [18 U.S.C.] subsection (a)(4), the specific reason for imposition of a sentence different from that described."  18 U.S.C. § 3553(c).

We review *de novo* the question of whether a district court complied with § 3553(c), even if the defendant did not object below.  *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir.), *cert. denied*, 127 S. Ct. 195 (2006).  A review of the revocation hearing transcript reveals that the district court failed to state any reason for the sentence it imposed other than reciting its finding that Simmons violated the conditions of supervised release.  "When a sentencing court fails to comply with this requirement, the sentence is imposed in violation of law . . . ."  *Williams*, 438 F.3d at 1274 (quoting *United States v. Veteto*, 920 F.2d 823, 826 (11th Cir. 1991)).  Accordingly, we vacate and remand for compliance with 18 U.S.C. § 3553(c).

**VACATED AND REMANDED.**