[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10353
Non-Argument Calendar

_____

D. C. Docket No. 07-14061-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY CHARLES HARRIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 29, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Randy Harris appeals his sentence of 360 months of imprisonment for

inducing and conspiring to induce a minor to engage in sexually explicit conduct to produce a visual depiction of that conduct. 18 U.S.C. § 2251(a), (e). Harris challenges the application of an aggravating role enhancement, the sufficiency of the explanation for his sentence, and the reasonableness of his sentence. We affirm.

## I. BACKGROUND

Harris's roommate provided law enforcement with photographs that he had recorded on his cellular telephone that depicted Harris videotaping 15 and 16 year old boys engaging in sexual acts. Officers obtained a search warrant for Harris's residence. When they executed the warrant, the officers found Harris trying to destroy cameras that were concealed in a smoke detector and an air conditioning vent in his bathroom. Officers discovered a computer in Harris's bedroom that contained four videos made by Harris of minors engaging in sexual activities. The videos matched the cellular phone data recorded by Harris's roommate. The computer also contained an instant message session between Harris and codefendant Salvador Aguirre in which Harris told Aguirre that he was watching two minor males having sex and Aguirre asked Harris to photograph the acts.

Officers executed a search warrant on Aguirre's residence. Aguirre admitted that he had participated in the instant message session and he had received child

2

pornography from Harris. Officers discovered a camera bag that belonged to codefendant Leonard Parks, Jr. Inside the bag, the officers found a phone drive containing several videos and photographs of minors engaged in sexually explicit conduct in Harris's bedroom. Seven minors, two of whom were Harris's godchildren and subject to Harris's power of attorney, were depicted in the videos and photographs.

Officers also learned that, on one occasion, Harris called Parks and invited him to come over and observe two minor males engage in sexual activities. Harris videotaped Parks having sex with one of the minors.

Harris admitted videotaping minors engaged in sexual acts. The minors told law enforcement that Harris befriended them, spent money on them, and then photographed and videotaped them while they were naked and engaged in sexual acts. Harris pleaded guilty to counts one and three of his indictment, which charged him with inducing and conspiring to induce a minor to engage in sexual conduct to produce a visual depiction of the conduct. 18 U.S.C. § 2251(a), (e).

To account for the exploitation of seven minors, Harris's sentence was calculated as though the exploitation of each minor had been charged in a separate count of conviction. United States Sentencing Guidelines § 2G2.1(d) (Nov. 2004). Harris's acts against each minor was represented by a separate group. Groups 2

3

and 3 had base offense levels of 32 that were increased by two levels for Harris's role as an organizer, leader, manager, or supervisor in the criminal acts. Id. § 3B1.1(c). The presentence investigation report listed the offense level applicable to each of the seven groups, then calculated the combined offense level by selecting the highest adjusted offense level of 40, which represented Group 2, and increasing it by 5 levels to reflect the 6.5 units assigned for the offense levels applicable to each group. Id. §§ 3D1.1(a)(3), 3D1.4. The report decreased the base offense level by 3 levels for Harris's acceptance of responsibility, id. § 3E1.1(a)–(b), for an adjusted offense level of 42. With a criminal history category of II and a statutory maximum term of imprisonment of 30 years for each charge, the report provided a sentencing range between 360 and 720 months of imprisonment. 18 U.S.C. § 2251(e); U.S.S.G. § 5G1.2(d).

Harris objected to the application of the enhancement and argued that he was not an organizer under section 3B1.1(c) because he did not instruct Parks to come to his house to participate in sexual activity or advise Parks to have sex. Harris testified at the sentencing hearing that a minor asked Harris to invite Parks to join them, Parks came to Harris's house to observe two minors have sex, and only after Parks sat on the bed and began to have sex with one of the minors did Harris decide to videotape the activity. Harris admitted on cross-examination that he

4

called Parks, told Parks about the minors, and Parks would not have come to Harris's house but for Harris's call. Harris denied that he called Parks to orchestrate sexual activities to videotape. Harris also testified that he did not plan the sexual activities that he had videotaped.

The district court found that Harris was "involved with minor kids" whom he allowed to have sex in his home, Harris "invited . . . [o]ther individuals" to his home "for the purpose of having sex," and Harris "record[ed] [those] sessions." The court concluded "[t]hat clearly is an organization that is organizing with respect to" inducing minors to engage in sexual activities to produce a visual depiction of that conduct.

Harris compared himself to an addict and asked the district court to consider in mitigation his physical infirmities and his relationship with his father and mother. Harris argued that the purposes of sentencing could be satisfied with a below-guidelines sentence between 15 years and 320 months of imprisonment. The district court stated that it had "considered the statements of all parties, the presentence report . . . , and the statutory factors" and selected a sentence that was "sufficiently punitive to deter [Harris] from future criminal conduct." The court sentenced Harris to concurrent terms of 360 months of imprisonment and to supervised release for life.

## II. STANDARDS OF REVIEW

The upward adjustment of a guidelines offense level "due to [a defendant's] status as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." United States v. Phillips, 287 F.3d 1053, 1055 (11th Cir. 2002). We review de novo whether a district court complied with 18 U.S.C. § 3553(c). United States v. Williams, 438 F.3d 1272, 1274 (11th Cir. 2006). We review the reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 594, 596–97 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

## III. DISCUSSION

Harris raises three challenges to his sentence. All fail. We address each argument in turn.

### A. The District Court Did Not Clearly Err by Applying the Aggravating Role Enhancement.

Harris argues that the district court erred by applying the enhancement for his role as an organizer in the criminal activities. See U.S.S.G. § 3B1.1(c). Harris argues that the district court erroneously characterized the minors as "participants" in the criminal "organization." Harris also argues that the facts did not establish

that he exerted control or influence over Parks.

A court must apply a two level aggravating role enhancement to the sentence of a defendant who serves as an organizer or leader in any criminal activity involving less than five other participants. U.S.S.G. § 3B1.1(c). A participant is a person "criminally responsible for the commission of the offense." Id. cmt. n.1. Status as a participant is judged by "the nature of participation in the commission of the offense, the recruitment of accomplices, . . . the degree of participation in planning or organizing the offense, [and] the nature and scope of the illegal activity." Id. cmt. n.4.

The facts supported application of the enhancement. Harris pleaded guilty to buying young boys presents, inviting them into his home, creating an atmosphere conducive to sexual conduct, and videotaping that conduct. Harris knew of Parks's penchant for the boys' conduct because he had provided to Parks videotaped material depicting two minors engaged in sexual activities. Harris admitted at sentencing that he invited Parks to observe two minors have sex, and that, but for his invitation, Parks would not have come to his house.

B. *The District Court Provided a Sufficient Explanation for Harris's Sentence.*

Harris argues that the district court did not provide a sufficient explanation to justify his sentence, but we disagree. The district court complied with section

7

3553(c) by explaining the reasons for Harris's sentence. 18 U.S.C. § 3553(c); United States v. Bonilla, 463 F.3d 1176, 1181 (11th Cir. 2006). The court stated that it had "considered the statements of all parties, the presentence report . . . , and the statutory factors" and concluded that the sentence was necessary to punish Harris and "deter [him] from future criminal conduct."

*C. Harris's Sentence Is Reasonable.*

The district court did not abuse its discretion by imposing a sentence within the advisory guideline range. Although Harris argues that the district court did not consider his family background or the absence of violence related to his crimes, the court stated that it had considered those facts in mitigation. The court correctly calculated the advisory guideline range and explained that a sentence of 360 months of imprisonment served the statutory purposes of deterrence and adequate punishment. See 28 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597. Harris's sentence is reasonable.

# IV. CONCLUSION

Harris's sentence is **AFFIRMED.**

8