[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 11, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14937
Non-Argument Calendar

_____

D. C. Docket No. 07-00361-CR-T-30MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEREMY MAJOR,
a.k.a. Jerome Major,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 11, 2009)

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Jeremy Major appeals his jury convictions and 169-month sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and distribution of cocaine, in violation of 21 U.S.C. § 841. On appeal, Major asserts the district court erred (1) by denying his motion to suppress and (2) at sentencing by imposing a sentence based on more than 5 kilograms of cocaine.

## I.

Major argues the district court erred in denying his motion to suppress evidence seized from the vehicle in which he was a passenger and his post-arrest statements. He challenges the officers' reasonable suspicion to stop his vehicle. Major contends a police report alleged that the arresting officers had probable cause to stop the vehicle based on a malfunctioning brake light. He asserts Florida law requires only two functioning brake lights, and because two of the three vehicle brake lights were functioning, the officers did not have probable cause to stop the vehicle.

We review a district court's denial of a motion to suppress evidence under a mixed standard of review. *United States v. Jiminez*, 224 F.3d 1243, 1247 (11th Cir. 2000). We review "the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts *de novo*." *Id*. We also give due weight to the inferences that the district court and

2

local law enforcement officers draw from the facts. *Id.* at 1248. When considering a ruling on a motion to suppress, we must construe all facts in the light most favorable to the party prevailing in the district court. *See United States v. Behety*, 32 F.3d 503, 510 (11th Cir. 1994).

In the absence of probable cause, the police may stop a car and briefly detain it and its occupants in order to investigate a reasonable suspicion that such persons are involved in criminal activity. *Terry v. Ohio*, 88 S. Ct. 1868, 1879-80 (1968); *United States v. Tapia*, 912 F.2d 1367, 1370 (11th Cir. 1990). In justifying such an intrusion, the "reasonableness" standard requires that a police officer "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 88 S. Ct. at 1880. "Reasonable suspicion" is determined from the totality of the circumstances, *United States v. Sokolow*, 109 S. Ct. 1581, 1585 (1989), and from the collective knowledge of the officers involved in the stop, *United States v. Williams*, 876 F.2d 1521, 1524 (11th Cir. 1989). "Such a level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence, or even the implicit requirement of probable cause that a fair probability that evidence of a crime will be found." *Tapia*, 912 F.2d at 1370 (citations omitted). Nevertheless, the police are required to articulate some minimal, objective justification for the stop. *Id.*

The arresting officers relied on information provided to them by a reliable confidential informant. The confidential informant's information created a reasonable suspicion that the car in which Major was traveling contained cocaine, regardless of whether or not the malfunctioning brake light created a reasonable suspicion to stop the vehicle. *See United States v. Lindsey*, 482 F.3d 1285, 1291 (11th Cir. 2007). Moreover, the officers observed the vehicle act consistently with information provided by the confidential informant. *United States v. Chaves*, 169 F.3d 687, 691 (11th Cir. 1999). In light of these facts, the district court did not err in finding the officers had a reasonable suspicion to stop the car. *See Terry*, 88 S. Ct. at 1880. Accordingly, to the extent Major sought the suppression of the drugs found in the car, the district court did not err in denying the motion to suppress.

Major also challenges the officers' probable cause to arrest him. Even if the officers' stop of the vehicle was lawful, Major argues no evidence has been presented that ties him to the drugs in the duffle bag, rendering his arrest unlawful and his self-incriminating statements to the Tampa Drug Enforcement Administration inadmissible. Major further asserts that *Maryland v. Pringle*, 124 S. Ct. 795, 800-01 (2003), is distinguishable from his case because, in *Pringle*, the arresting officers could not attribute the drugs in the vehicle to any one defendant. Instead, Major argues that *United States v. Di Re*, 68 S. Ct. 222, 228 (1948), which

4

held that "[a]ny inference that everyone on the scene of a crime is a party to it must disappear if the Government informer singles out the guilty person," is controlling. Because the confidential informant in Major's case had identified Glinton, the driver of the vehicle, as the drug dealer, Major argues, the confidential informant had "singled out" Glinton as the guilty party, and no probable cause existed to arrest Major.

The constitutional validity of a warrantless arrest depends upon whether, at the moment when the arrest was made, the officer had probable cause to make the arrest. We have held that:

> For probable cause to exist, an arrest must be objectively reasonable based on the totality of the circumstances. This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense. Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the same standard of conclusiveness and probability as the facts necessary to support a conviction.

*United States v. Dunn*, 345 F.3d 1285, 1290 (11th Cir. 2003) (internal punctuation marks and internal citations omitted). The Supreme Court has held that, if drugs are found in the backseat area of a car, those drugs can be used as a basis to arrest all of the car's occupants because a reasonable officer could conclude that there was probable cause to believe that any of those occupants "had knowledge of, and

5

exercised dominion and control over, the [drugs]." *Pringle*, 124 S. Ct. at 800-01.

Here, the present case clearly falls within the scope of *Pringle*, as Major had access to the contents of the duffle bag, and it could reasonably be assumed that he had knowledge of the drugs. *See Pringle*, 124 S. Ct. at 800-01. Moreover, it is probable that Major was involved with the drug transaction because he was in Glinton's vehicle at the precise time and place Glinton was scheduled to make a significant cocaine sale, an unlikely situation for an unknowing passenger merely along for the ride. Accordingly, probable cause existed for Major's arrest, and, thus, his statements to the police were not the product of an unlawful arrest. Therefore, to the extent that Major sought the exclusion of his self-incriminating statements, the district court did not err in denying the motion to suppress.

## II.

Major next argues the district court erred in sentencing him based on a finding he was responsible for 54 kilograms of cocaine. The indictment only charged Major with possession of 500 grams of cocaine, but he was held responsible for 54 kilograms during sentencing. He contends the district court violated the principles of *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000).

We review a preserved *Apprendi* claim on appeal *de novo*, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). In

*Apprendi*, the Supreme Court restated the prior conviction rule, holding that

"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a

crime beyond the prescribed statutory maximum must be submitted to a jury, and

proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. The "'statutory

maximum' for *Apprendi* purposes is the maximum sentence a judge may impose

solely on the basis of the facts reflected in the jury verdict or *admitted by the*

*defendant.*" *Blakely v. Washington*, 124 S. Ct. 2531, 2537 (2004) (emphasis

added). In a § 841 case in which a defendant's ultimate sentence falls at or below

the statutory maximum penalty provided in § 841(b)(1)(C), there is no

constitutional error stemming from *Apprendi*, and drug quantity need not have

been submitted to a jury and proven beyond a reasonable doubt. *See United States*

*v. Underwood*, 446 F.3d 1340, 1344-45 (11th Cir.), *cert. denied*, 594 U.S. 903

(2006). A sentence enhancement based on a drug quantity described in a PSI does

not violate the constitution when the defendant concedes to the factual accuracy of

the presentence investigation report (PSI). *United States v. Shelton*, 400 F.3d

1325, 1330 (11th Cir. 2005). Failure to object to factual findings in the PSI is

deemed to be an admission of those facts. *See United States v. Williams*, 438 F.3d

1272, 1274 (11th Cir. 2006).

Major's 169-month sentence did not exceed his statutory maximum, thus his

7

claim that his sentence violated *Apprendi* lacks merit.  *See Underwood*, 446 F.3d at 1344.  Moreover, Major is deemed to have admitted to responsibility for 54 kilograms of cocaine because he failed to object to the factual findings in the PSI. *See Williams*, 438 F.3d at 1274.  Because Major has admitted to the drug quantity, the district court did not violate his constitutional rights by using the admitted drug quantity to determine his sentence.  *See Blakely*, 124 S. Ct. at 2537; *Shelton*, 400 F.3d at 1330.

Based on our review of the record and the parties' briefs, we affirm Major's convictions and sentence.

**AFFIRMED.**