[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14831
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 04-00186-CR-T-23-MAP, 07-00361-CR-T-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRENDEN GLINTON,
a.k.a. Bobby,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 18, 2009)

Before BLACK, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Brenden Glinton files this appeal following his convictions in two separate

criminal cases. In the first case, (Glinton I) Glinton was convicted of (1) conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) and (2) distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). In the second case, (Glinton II) Glinton was convicted of (1) conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) and (2) distribution of 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). While these cases were not consolidated for pre-trial matters or trial, the cases were consolidated for purposes of sentencing. At a consolidated sentencing hearing, the district court sentenced Glinton to 169 months' imprisonment in each case, specifying the terms were to run concurrently.

Glinton appeals his sentence and also appeals his conviction in Glinton 2. Glinton argues (1) in Glinton 2, the district court erred in denying his motion to suppress and (2) regarding his sentence, the district court erred at sentencing by imposing a sentence based on more than 5 kilograms of cocaine.

## I.

Glinton argues the district court erred in denying his motion to suppress. He asserts the officers lacked reasonable suspicion that he: (1) was engaged in drug trafficking; (2) had violated a traffic law; or (3) was subject to arrest due to a

pending indictment against him.

We review a district court's denial of a motion to suppress evidence under a mixed standard of review. *United States v. Jiminez*, 224 F.3d 1243, 1247 (11th Cir. 2000). We review "the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts *de novo*." *Id.* We also give due weight to the inferences that the district court and local law enforcement officers draw from the facts. *Id.* at 1248. When considering a ruling on a motion to suppress, we must construe all facts in the light most favorable to the party prevailing in the district court. *See United States v. Behety*, 32 F.3d 503, 510 (11th Cir. 1994).

In the absence of probable cause, the police may stop a car and briefly detain it and its occupants in order to investigate a reasonable suspicion that such persons are involved in criminal activity. *Terry v. Ohio*, 88 S. Ct. 1868, 1879-80 (1968); *United States v. Tapia*, 912 F.2d 1367, 1370 (11th Cir. 1990). In justifying such an intrusion, the "reasonableness" standard requires that a police officer "be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry*, 88 S. Ct. at 1880. "Reasonable suspicion" is determined from the totality of the circumstances, *United States v. Sokolow*, 109 S. Ct. 1581, 1585 (1989), and from the collective knowledge

3

of the officers involved in the stop, *United States v. Williams*, 876 F.2d 1521, 1524 (11th Cir. 1989). "Such a level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence, or even the implicit requirement of probable cause that a fair probability that evidence of a crime will be found." *Tapia*, 912 F.2d at 1370 (citations omitted). Nevertheless, the police are required to articulate some minimal, objective justification for the stop. *Id.*

Here, the officers' collective knowledge created a reasonable suspicion that Glinton was engaged in drug trafficking, regardless of whether Glinton committed a traffic offense or the pending indictment against him authorized officers to arrest him. The officers' surveillance corroborated a tip from a reliable informant, thus they had reasonable suspicion to stop Glinton's car. *See United States v. Lindsey*, 482 F.3d 1285, 1291 (11th Cir. 2007). Moreover, the officers observed Glinton act consistently with information provided by a confidential informant. *United States v. Chaves*, 169 F.3d 687, 691 (11th Cir. 1999). Accordingly, the district court did not err in finding the officers had reasonable suspicion to stop Glinton to confirm whether he was involved in drug trafficking activity and in denying Glinton's motion to suppress. *Terry*, 88 S. Ct. at 1880; *Tapia*, 912 F.2d at 1370.

**II.**

4

Glinton argues the district court violated his constitutional rights by finding him responsible for 115 kilograms of cocaine in calculating his guidelines sentence.

We review a preserved *Apprendi* claim on appeal *de novo*, but reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). In *Apprendi*, the Supreme Court restated the prior conviction rule, holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S. Ct. at 2362-63. The "'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or *admitted by the defendant*." *Blakely v. Washington*, 124 S. Ct. 2531, 2537 (2004) (emphasis added). In a § 841 case in which a defendant's ultimate sentence falls at or below the statutory maximum penalty provided in § 841(b)(1)(C), there is no constitutional error stemming from *Apprendi*, and drug quantity need not have been submitted to a jury and proven beyond a reasonable doubt. *See United States v. Underwood*, 446 F.3d 1340, 1344-45 (11th Cir.), *cert. denied*, 594 U.S. 903 (2006). A sentence enhancement based on a drug quantity described in a PSI does not violate the constitution when the defendant concedes to the factual accuracy of the presentence investigation report (PSI). *United States v. Shelton*, 400 F.3d 1325,

5

1330 (11th Cir. 2005). Failure to object to factual findings in the PSI is deemed to be an admission of those facts. *See United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006). In addition, we have applied *United States v. Booker*, 125 S. Ct. 738 (2005), to hold that judicial fact-finding that increases a defendant's guideline range does not violate *Apprendi* under an advisory guidelines system. *United States v. Dudley*, 463 F.3d 1221, 1227-28 (11th Cir. 2006).

Under 21 U.S.C. § 846, a defendant who conspires to commit an offense under § 841 is subject to the same penalties as those prescribed for the offense that was the object of the conspiracy. 21 U.S.C. § 846. Under § 841(b)(1)(A)(ii), a defendant convicted of distributing five kilograms or more of cocaine is subject to a statutory maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(ii). Under § 841, a defendant who distributes 500 grams or more of cocaine is subject to a statutory maximum sentence of 40 years' imprisonment. 21 U.S.C. § 841(b)(1)(B)(ii).

Here, the jury specifically found that Glinton had conspired to possess with intent to distribute 5 kilograms or more of cocaine under 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and that Glinton had distributed over 500 grams of cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii). Accordingly, Glinton's statutory maximum sentence was life imprisonment in Glinton I, and 40 years' imprisonment in Glinton

6

II.  Because Glinton's 169-month sentence did not exceed his statutory maximum, his claim that his sentence violated *Apprendi* lacks merit.  *See Underwood*, 446 F.3d at 1344.  Furthermore, Glinton's claim that the district court violated *Apprendi* by engaging in judicial fact-finding that increased his guideline range also lacks merit. *See Dudley*, 463 F.3d at 1227-28. [1]

Based on our review of the record and the parties' briefs, we affirm Glinton's sentence and convictions.

**AFFIRMED.**

---

[1] At sentencing, Glinton did not dispute the amount of drugs for which he was held responsible in the PSI.  Instead, he articulated a legal objection to the court's sentencing him based on an amount of drugs that was not charged in the indictment and found by the jury. Accordingly, Glinton admitted to the facts in the PSI and the district court did not violate his constitutional rights by using the admitted drug quantity to determine his sentence. *Williams*, 438 F.3d at 1274; *Blakely*, 124 S. Ct. at 2537.