[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-12769
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cr-00017-GKS-GJK-1

UNITED STATES,

Plaintiff-Appellee,

versus

FRANCISCO SOLANO-RAMIREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 4, 2013)

Before MARCUS, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Francisco Solano-Ramirez appeals the 46-month prison sentence he received

after he pled guilty to illegal reentry by a previously deported alien. *See* 8 U.S.C. § 1326(a) & (b)(2). He contends that the district judge should have recused after improperly stating that Mr. Solano-Ramirez, who had earlier been convicted of committing a lewd and lascivious act with a child under the age of 14, had "raped" the victim in that case. Mr. Solano-Ramirez also asserts that reversal is warranted because the district judge never acknowledged the mitigating evidence presented at sentencing and never mentioned the sentencing factors to be considered under 18 U.S.C. § 3553(a). Following review, we vacate and remand.

## I.

The revised presentence investigation report added 16 levels to the base offense level associated with illegal reentry because Mr. Solano-Ramirez had a 1997 California conviction (and 3-year prison sentence) for committing a lewd and lascivious act with a child under the age of 14, in violation of California Penal Code §288(a). The report explained that the 13-year-old female victim in the California conviction had been "raped by a man who rent[ed] a room from her uncle." According to the victim, the perpetrator—Mr. Solano-Ramirez—had pulled off her pants and "forced his penis into her vagina causing severe pain." Mr. Solano-Ramirez, when approached by the police, admitted to having sex with the victim and to knowing that she was under the age of 18. The report did not explain where the facts underlying the California conviction came from.

Mr. Solano-Ramirez objected to the factual description in paragraph 24 of the report. He asserted, without any further elaboration, that the facts found in that description did not come from reliable court sources, as the term was defined in *Shepard v. United States*, 544 U.S. 13 (2005). He also argued that his California conviction was not a crime of violence within the meaning of United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) and, therefore, could not support the 16-level enhancement.

In response, the government pointed out that, according to the charging document in the California case, Mr. Solano-Ramirez had committed a lewd and lascivious act "upon and with the body" of a girl under the age of 14 "with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires" of Mr. Solano-Ramirez and the victim. The government also argued that, under Eleventh Circuit precedent, the California conviction constituted a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

At the sentencing hearing, Mr. Solano-Ramirez again challenged the factual recitation in paragraph 24 of the presentence investigation report, and he argued that the district judge should not consider it. When the district judge asked Mr. Solano-Ramirez's counsel what evidence he had to "refute those facts," counsel responded that it was not Mr. Solano-Ramirez's burden to refute them; instead, he argued, it was the government's burden to establish them: "These facts are very

prejudicial. But we don't know where they came from, and the government has to establish that they came from reliable court documents. There's a long line of cases, both from the Supreme Court and the Eleventh Circuit, that state this fact. And the probation office, to my knowledge, does not have any *Sheppard* documents to substantiate these facts. Moreover, these facts detail arguably a forcible rape. [Mr. Solano-Ramirez] was not charged with that."

The district judge, in ruling that the California conviction was a crime of violence, said that the 13-year-old victim "was raped. And if counsel for the defense thinks that sexual abuse of a minor, a 13 year old, is not an act of violence, counsel is not in touch with reality. . . . So the presentence report is correct in the Court's mind."

Based on those comments, Mr. Solano-Ramirez asked the district judge to recuse. Specifically, he stated: "I think there's an appearance of impartiality [sic] based on this Court's comments. I would ask that the Court recuse itself at this time and assign this case to another judge." Mr. Solano-Ramirez also asked for a downward departure, a downward variance, and a 10 to 16 month prison sentence. The government requested a sentence in the middle of the 46 to 57 month advisory guidelines range. The district judge denied the motion for recusal without explanation.

The district judge sentenced Mr. Solano-Ramirez to a prison term of 46

4

months, which was the bottom of the advisory guidelines range. The judge did not discuss any of the mitigation arguments presented by Mr. Solano-Ramirez and did not explain why a 46-month sentence was appropriate. Nor did the judge reference, or discuss, the sentencing factors set forth in 18 U.S.C. § 3553(a). Mr. Solano-Ramirez's counsel objected to the sentence as procedurally and substantively unreasonable, arguing that the district judge had improperly accorded a presumption of correctness to the advisory guidelines and had "not given satisfactory focus on the [§] 3553(a) factors."

## II.

We review a district judge's refusal to recuse for abuse of discretion. *See United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007). Under 28 U.S.C. § 455(a), a judge must recuse if "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). On this record, there was no abuse of discretion.

We turn first to the district judge's characterization of the California case as having involved a rape. In his written sentencing objections, Mr. Solano-Ramirez did not contest the accuracy of the underlying facts set forth in paragraph 24 of the presentence investigation report. He argued only that those facts did not come from reliable court documents. As a general matter, an objection to a probation officer's "use of police reports, as non-*Shepard* materials, in preparation of the [presentence

5

investigation report]" does not constitute an objection to "the underlying facts of . . . prior convictions as set forth in the court documents referenced in the [report]." *United States v. Bennett*, 472 F.3d 825, 833 (11th Cir. 2006).

In any event, at sentencing the district judge overruled Mr. Solano-Ramirez's objections to the facts in the report relating to the California conviction. Whether this ruling was correct or not—Mr. Solano-Ramirez does not challenge it on appeal—its effect was to leave paragraph 24 of the report (and its description of the criminal act as rape) standing. The district judge, therefore, did not improperly refer to the 13-year-old victim as having been raped. And because the judge had a proper legal basis for describing Mr. Solano-Ramirez's lewd and lascivious conduct as rape, his use of that description did not provide a basis for an appearance of partiality.

Next we turn to the district judge's comment that Mr. Solano-Ramirez's counsel was "not in touch with reality" if counsel thought that the sexual abuse of a 13-year-old was not a crime of violence. That comment, while maybe a bit strong, did not require the judge to recuse. After reviewing the sentencing transcript, it appears to us that the judge's words are his way of recognizing that counsel's argument lacked merit in light of existing Eleventh Circuit precedent. *See United States v. Ortiz-Delgado*, 451 F.3d 752, 757 (11th Cir. 2006) ("[T]he plain language of . . . Cal. Penal Code § 288[(a)] qualifies [the defendant]'s previous offense

6

conduct as 'sexual abuse of a minor,' and thus, a crime of violence under the Sentencing Guidelines.").[1]

## III.

Mr. Solano-Ramirez also argues that the district judge committed significant procedural error by failing to acknowledge that he had considered the arguments in favor of mitigation and by not even mentioning either 18 U.S.C. § 3553(a) or the sentencing factors that statute contains. We agree.

We review a claim of procedural sentencing error for abuse of discretion. *See United States v. Almedina*, 686 F.3d 1312, 1314 (11th Cir. 2012). In relevant part, 18 U.S.C. § 3553(c) requires a judge to state "in open court the reasons for [his] imposition of the particular sentence." Our precedent, however, does not require district judges to give detailed explanations of each and every mitigation argument made by a defendant or each and every sentencing factor under § 3553(a). "[A]n acknowledgement by the district [judge] that [he] has considered the defendant's arguments and the factors in [§] 3553(a) is sufficient . . . ." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009) (quotation marks omitted).

The district judge in this case did not mention any of Mr. Solano-Ramirez's arguments in support of mitigation or otherwise indicate that he had considered them. Nor did the judge cite to § 3553(a) or discuss any of the applicable

---

[1] We reject, without further discussion, Mr. Solano-Ramirez's argument that the district judge's handling of the sentencing hearing demonstrated partiality.

sentencing factors. The district judge said absolutely nothing about why he thought 46 months was the appropriate prison term.[2] As a result, we simply do not know why the judge chose to impose a 46-month sentence and to reject the parties' arguments for different sentences. We have previously vacated and remanded where a district judge gave no explanation or reason for the sentence imposed, *see, e.g.*, *United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009); *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006), and the same remedy is called for here.[3]

## IV.

Mr. Solano-Ramirez's sentence is vacated, and the case is remanded so that the district judge, on the record, can indicate that he has considered the sentencing arguments of the parties and can explain why the imposition of a 46-month sentence is appropriate.

**VACATED AND REMANDED.**

---

[2] The "written statement of reasons" referenced in the government's brief is not part of the record on appeal.

[3] Given the district judge's failure to say anything about the propriety of the 46-month sentence, this is not a case like *Amedeo*, 487 F.3d at 833, where we rejected a claim of procedural error because the district judge, although not discussing the mitigating evidence, had said he had considered the factors set forth in § 3553(a). Nor is it similar to *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007), where we found no procedural error, despite the district judge's failure to mention the § 3553(a) factors, because the record showed that the judge had, in fact, considered those factors.

8