[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12064
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20631-UU-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRANDON K. JENKINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 29, 2016)


Before TJOFLAT, HULL, and BLACK, Circuit Judges.

PER CURIAM:

Brandon Jenkins appeals his 87-month total sentence, imposed after pleading guilty to one count of possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1).  Jenkins asserts the district court clearly erred in determining the Government had proven by a preponderance of the evidence that Jenkins was responsible for more than 50 victims.  Jenkins further contends his sentence is procedurally unreasonable because the district court failed to adequately explain its reasoning for the sentence imposed.  After review, we affirm.[1]

## I.  DISCUSSION

### A.  *Number of Victims*

The 2014 Sentencing Guidelines provide for a four-level enhancement for fraud or theft offenses involving 50 or more, but fewer than 250, victims.  U.S.S.G. § 2B1.1(b)(2)(B) (2014).  A victim means any person who sustained any part of the actual loss calculated under the guidelines.  U.S.S.G. § 2B1.1 cmt. n. 1.  "In cases involving means of identification, such as a Social Security number, 'victim' also includes 'any individual whose means of identification was used unlawfully or without authority.'"  *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013).  Mere transfer of personal identifying information, without more action, does not

---

[1] Because we write for the parties, we set out only those facts necessary to explain our decision.

2

constitute use under § 2B1.1. *United States v. Hall*, 704 F.3d 1317, 1323 (11th Cir. 2013).

In a case involving jointly undertaken criminal activity, the defendant may be held responsible for all reasonably foreseeable acts of others in furtherance of the jointly undertaken criminal activity. U.S.S.G. § 1B1.3(a)(1)(B). A jointly undertaken criminal activity is "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." U.S.S.G. § 1B1.3, cmt. n. 2. In order to determine the accountability of the defendant in a jointly undertaken criminal activity, the sentencing court must first make individualized findings regarding the scope of criminal activity undertaken by the defendant. *United States v. Hunter*, 323 F.3d 1314, 1319 (11th Cir. 2003). Then, the court makes a determination as to foreseeability. *Id.* In determining the scope of criminal activity that the defendant agreed to jointly undertake, the court may consider any explicit or implicit agreement fairly inferred from the conduct of the defendant and others. U.S.S.G. § 1B1.3, cmt. n. 2.

The district court did not clearly err in determining that there were more than 50 victims attributable to Jenkins. *See United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013) (reviewing the district court's calculation of the number of victims for clear error). The district court determined that Jenkins and his co-defendant Llanos were involved in a jointly undertaken criminal conspiracy to file

3

false tax returns using over 3,000 instances of personal identification information

(PIIs).  The 86 actual victims resulting from this conspiracy were reasonably

foreseeable given the number of PIIs involved.  *See Hunter*, 323 F.3d at 1319.  These

findings were supported by evidence that Jenkins lived with Llanos when the tax

returns were filed, went to ATMs to cash refunds from the falsely-filed returns, filed

some tax returns himself, left fingerprints on a sample of the documents containing

PIIs, and shared in the profits of the conspiracy.  Thus, the district court did not

clearly err in finding that the government had proven by a preponderance of the

evidence that Jenkins was responsible for more than 50 victims.  *See United States v.*

*Washington*, 714 F.3d 1358, 1361 (11th Cir. 2013) (explaining that when a defendant

challenges one of the factual bases of his sentence, the government has the burden of

introducing sufficient and reliable evidence to prove the disputed fact by a

preponderance of the evidence.).

## B.  *Procedural Reasonableness*

When imposing a sentence, the district court must consider the factors

enumerated in 18 U.S.C. § 3553(a) and adequately explain the basis for the sentence

imposed.  *Gall v. United States*, 552 U.S. 38, 50-51 (2007).  The failure to do so can

constitute significant procedural error .  *Id.*  However, a district court is not required

to "recite a laundry list" of factors in order to demonstrate the reasonableness of its

sentence.  *United States v. Ellisor*, 522 F.3d 1255, 1278 (11th Cir. 2008).  Rather, it is

4

sufficient for the court to give "explicit acknowledgment that it has considered a defendant's arguments and the § 3553(a) factors." *Id.* Further, the context and record can be sufficient to indicate the reasoning behind the district court's conclusion. *Rita v. United States*, 551 U.S. 338, 359 (2007).

Jenkins' sentence is procedurally reasonable.[2] The district court adequately explained the sentence it imposed and addressed the § 3553(a) factors. The district court expressly stated it had considered the statutory factors, the PSI, and the parties' arguments. It also gave an explanation that, while brief, tracked several of the § 3553(a) factors, such as a need to protect the public and promote respect for the law. *See* 18 U.S.C. § 3553(a). Based on this analysis, the district court concluded that a sentence at the top of the guidelines was appropriate and rejected Jenkins' request for a downward variance. Thus, the district court gave a sufficient explanation of the sentence imposed, taking into account the § 3553(a) factors. *See Rita,* 551 U.S. at 359; *Ellisor*, 522 F.3d at 1278.

## II.  CONCLUSION

We affirm Jenkins' sentence.

**AFFIRMED.**

---

[2] The parties dispute the standard of review. Where a defendant fails to object to procedural reasonableness at sentencing, we apply plain error review. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). However, we have reviewed *de novo* whether a district court adequately explained the sentence it imposed, even when the defendant did not object on this ground below. *United States v. Bonilla*, 463 F.3d 1176, 1181, n.3 (11th Cir. 2006); *United States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006). The district court's imposition of Jenkins' sentence was procedurally reasonable under either standard.