[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2010
JOHN LEY
CLERK

No. 09-16188
Non-Argument Calendar

_____

D. C. Docket No. 09-20571-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEREK LUSTER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 23, 2010)

Before EDMONDSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Derek Luster appeals from his 63-month sentence, imposed following his

conviction for possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Luster argues that his sentence is procedurally unreasonable within the meaning of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and 18 U.S.C. § 3553(c)(1), because the district court did not adequately explain the basis for his sentence. Luster further argues that his sentence is procedurally unreasonable because the court treated his guideline range as mandatory, or as presumptively reasonable. In support of his contention that the court treated his guideline range as mandatory, Luster points out that the court twice used term "downward departure." He asserts that the court's use of this term demonstrated its belief that, consistent with a mandatory guideline scheme, it could impose a sentence outside of his guideline range only if a departure were warranted.

Luster also argues that the court committed the additional procedural error of basing his sentence, at least in part, on a clearly erroneous factual determination—namely, that the deduction of six criminal-history points from his criminal-history score would not lower his criminal-history category or reduce his guideline range. Finally, Luster argues that his sentence is substantively unreasonable. He asserts, however, that we need not consider the substantive reasonableness of his sentence at this time, because a remand is warranted so that

2

the district court may correct the procedural deficiencies in his sentence.

For the reasons discussed below, we vacate and remand in part, and affirm in part.

## I.

A federal grand jury indicted Luster for one count of possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Luster pled guilty to the offense.

In preparing the presentence investigation report ("PSI"), the probation officer found that Luster had a total offense level of 19, and 15 criminal-history points, which corresponds to criminal history category VI. Accordingly, the PSI reported that Luster's guideline range was 63 to 78 months' imprisonment.

At sentencing, the court stated that Luster's "advisory" guideline range was 63 to 78 months' imprisonment. The court next asked Luster if he had filed a motion for a variance. Luster argued that the court should vary downward from his guideline range, partly because 6 of his criminal-history points were attributable to felonies that he committed when he was 17 years old. The court asked Luster whether deducting these six criminal-history points would change his criminal-history category or reduce his guideline range, and Luster averred that, even if these points were deducted, his criminal-history category and guideline range

3

would remain the same. The court then stated to Luster, "you're saying that . . . I should depart downward under a variance, under 3553?" In response, Luster confirmed that he sought a downward variance, arguing that his criminal-history category over-represented the seriousness of his criminal history. The government generally responded that, due to the extent of Luster's criminal history, a downward variance was not warranted. Apart from confirming with Luster that he sought a variance, and asking whether the deduction of six points from Luster's criminal-history score would affect the guideline range, the court did not make any comments during this discussion.

Next, Luster and the government discussed the circumstances surrounding Luster's arrest in the present case, and Luster pointed out that, upon being stopped by a police officer, he had admitted to the officer, without being asked to do so, that he was carrying a gun. The court did not ask the parties any questions about the circumstances surrounding Luster's present offense, and did not make any statements during this discussion. The government, the U.S. Probation officer, and the court next discussed that, even if Luster's number of criminal-history points was reduced by six points, he still would have a criminal-history category of VI. In this regard, the court stated, "It doesn't affect anything. [Luster] told us that."

The court imposed a sentence of 63 months' imprisonment, stating, "The

4

[c]ourt imposes a sentence of the—at the minimum, at the low end of the guideline range, which is 63 months' incarceration. The motion for a downward departure under Rule 3553 is denied." The court did not provide any explanation as to why it selected a sentence of 63 months' imprisonment. Although the court probably did, it did not expressly state that it had considered the parties' arguments in determining Luster's sentence, nor that it had considered the factors set forth in 18 U.S.C. § 3553(a).

## II.

After *Booker*, the Guidelines are advisory in nature, and "a sentence may be reviewed for procedural or substantive unreasonableness." *United States v. Hunt*, 459 F.3d 1180, 1181-82 & n.3 (11th Cir. 2006). The reasonableness of a sentence is reviewed under an abuse-of-discretion standard. *United States v. Pugh*, 515 F.3d 1179, 1189-90 (11th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). The question of whether a district court complied with 18 U.S.C. § 3553(c)(1) is reviewed *de novo*, even if the defendant did not object below. *United States v. Bonilla*, 463 F.3d 1176, 1181 (11th Cir. 2006).

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the Guidelines, treated the Guidelines as

mandatory, failed to consider the factors set forth in 18 U.S.C. § 3553(a), selected a sentence based on clearly erroneous facts, or failed to explain adequately the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. In addition, a district court may not presume that a defendant's guideline range is reasonable. *Nelson v. United States*, 555 U.S. ___, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009).

Section 3553(a) provides that district courts imposing a sentence must consider, *inter alia*:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (3) the kinds of sentences available.

18 U.S.C. § 3553(a)(1)-(3). Section 3553(c) provides, in relevant part, that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence" and, if the sentence falls within a guideline range that exceeds 24 months, the court should provide its reasons for imposing a sentence at a particular point within the defendant's guideline range. 18 U.S.C. § 3553(c)(1).

A district court "must adequately explain the chosen sentence to allow for

6

meaningful appellate review and to promote the perception of fair sentencing." *Gall*, 552 U.S. at 597, 128 S.Ct. at 50. Specifically, § 3553(c) requires that, "[t]he sentencing judge . . . set forth [sufficient reasoning] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007).

Procedural reasonableness does not require that a court recite or discuss each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005) (addressing whether a defendant's sentence was procedurally reasonable under *Booker*); *see also Bonilla*, 463 F.3d at 1182 (addressing whether the court adequately articulated the basis for the defendant's sentence, as required by 18 U.S.C. § 3553(c)(1)). Rather, it is sufficient if a court merely states that, in selecting the defendant's sentence, it has considered the parties' arguments and the § 3553(a) factors. *Scott*, 426 F.3d at 1329-30. On the other hand, a district court need not expressly mention § 3553(a) where its reasoning, or its consideration of the parties' objections, demonstrates that it considered the § 3553(a) factors. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). Where a court fails to provide any explanation for its sentence, we will vacate and remand so that the court may articulate the reasons that it selected a particular sentence. *See United*

*States v. Williams*, 438 F.3d 1272, 1274 (11th Cir. 2006).

In determining whether a district court imposed a variance under 18 U.S.C. § 3553(a), as opposed to a departure, we will consider, among other things, whether the district court referred to a specific guideline departure provision. *See United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 1315 (2010).

"The doctrine of invited error is implicated when a party induces or invites the district court into making an error." *United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006). "Where invited error exists, it precludes a court from invoking the plain error rule and reversing." *Id.*

We will not review the substantive reasonableness of a defendant's sentence where a remand is necessary to cure procedural errors in the sentencing process. *United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009); *see also Gall*, 552 U.S. at 51, 127 S.Ct. at 597.

Here, the record, as a whole, does not reveal the basis for the court's 63-month sentence. Before imposing sentence, the court did not mention the § 3553(a) factors, did not state that it had considered the parties' arguments, and did not provide an explanation for selecting a sentence of 63 months' imprisonment. *See Scott*, 426 F.3d at 1329; *Rita*, 551 U.S. at 356, 127 S.Ct. at

2468.

While, in some cases, the record may demonstrate that the court considered the § 3553(a) factors by virtue of its discussion with the parties, the record here is insufficient to make this showing. While the court and the parties discussed Luster's criminal history, this discussion primarily focused on the narrow question of whether the deduction of six criminal-history points from Luster's criminal-history score would have affected his guideline range. Moreover, while this discussion demonstrated that the court found that a downward variance was not warranted, the court did not indicate whether Luster's criminal history was a basis, or the primary basis, for its decision to impose a 63-month sentence. Furthermore, although Luster and the government discussed the circumstances surrounding Luster's offense, the court did not participate in this discussion, or articulate any finding based on this discussion. *See Dorman*, 488 F.3d at 944. Thus, the record does not demonstrate clearly whether the court selected Luster's sentence based, in part, on the nature and circumstances of his offense.

For the reasons set forth above, neither the court's statements, nor the exchanges between the parties and the court, sufficiently demonstrate the court's basis for imposing a 63-month sentence. As a result, Luster's sentence is procedurally unreasonable, and we vacate and remand so that the court may

articulate the basis for Luster's sentence. *See Williams*, 438 F.3d at 1274. Because we vacate and remand on this procedural ground, we do not address the substantive reasonableness of Luster's sentence. *See Barner*, 572 F.3d at 1253.

We note, however, that Luster's additional procedural arguments lack merit. The record reveals no indication that the district court treated Luster's guideline range as mandatory, or as presumptively reasonable. The court expressly stated that Luster's guideline range was advisory. While the court twice used the term "downward departure," the court did not refer to a specific guideline departure provision. *See Kapordelis*, 569 F.3d at 1316. In fact, the court inquired whether Luster was requesting a variance "under 3553," and Luster confirmed that he was seeking a downward variance. Accordingly, it is clear that the court treated Luster's arguments as a request for a variance, which shows that it necessarily recognized that Luster's guideline range was advisory.

Moreover, to the extent that the court made a clear factual error by finding that the deduction of six points from Luster's criminal-history score would not affect his guideline range, this error was invited by Luster, as he expressly told the court that such a deduction would not lower his criminal-history category or reduce his guideline range. *See Love*, 449 F.3d at 1157. As a result, Luster may not

10

challenge this error on appeal. Accordingly, we affirm as to the additional

procedural arguments that Luster raises on appeal.

**VACATED AND REMANDED IN PART, AFFIRMED IN PART.**